ARKANSAS EMPLOYMENT SECURITY
DIVISION *v.* John BEELER et al

CA 81-37                                      620 S.W. 2d 307

Court of Appeals of Arkansas
Opinion delivered September 2, 1981

*Arkansas Employment Security Division*, by: *Thelma Lorenzo*, for appellant.

No brief for appellees.

Brief for amicus curiae Workers' Compensation Commission by: *Robert R. Ross*, Deputy Atty. Gen.

DONALD L. CORBIN, Judge. John Beeler brought a claim pursuant to the Arkansas Workers' Compensation Act, Ark. Stat. Ann. § 81-1301, et seq. Mr. Beeler sought corroboration of certain parts of his testimony through testimony of an employee of the Employment Security Division. The information Mr. Beeler sought was contained on an Employment Security Division form and supplied to the Employment Security Division by him.

Upon the refusal of the Employment Security Division to voluntarily appear, Mr. Beeler obtained a subpoena duces tecum directing an Employment Security Division employee to appear and bring Mr. Beeler's record. The Employment Security Division moved to quash the subpoena and the motion was denied by the Administrative Law Judge. From that decision the Employment Security Division has taken this appeal. We modify the decision of the Workers' Compensation Commission.

The issue before us is whether all information obtained by the Employment Security Division from an individual or employing unit is confidential and cloaked with governmental privilege pursuant to Ark. Stat. Ann. § 81-1114(*l*) (Repl. 1976). We note that the General Assembly of Arkansas amended Ark. Stat. Ann. § 81-1114(*l*) by enacting Act 43 of 1981. However, this case involves the application of Ark. Stat. Ann. § 81-1114(*l*) before the enactment of Act 43 of 1981.

The Employment Security Division contends that the confidentiality of its records is based not on the right to privacy of the individual but on some form of executive privilege. We disagree with that contention.

Ark. Stat. Ann. § 81-1114(*l*) (Repl. 1976) reads in part:

Except as hereinafter otherwise provided, information obtained from any employing unit or individual pursuant to the administration of this act, and determina-

tion as to the benefit rights of any individual shall be held confidential and shall not be disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity.

We recognize that the privilege of public officers and employees against being compelled to disclose communications made to them in matters affecting individuals depends largely upon statutory enactment. A statutory provision forbidding disclosure of public information, reports, records, documents or other matters by public officials and public employees is generally upheld. 81 Am. Jur. 2d, *Witnesses*, § 287, pp. 303, 304.

Ark. Stat. Ann. § 81-1114(*l*) (Repl. 1976) also provides as follows:

Any claimant (or his legal representative) shall be supplied with information from the records of the division, to the extent necessary for the proper presentation of his claim in any proceeding under this act with respect thereto; ...

This provision seems to recognize that a claimant seeking benefits under the Employment Security Division program has some right to information from this file but that his access to or use of the information is limited to proceedings under the Employment Security Act.

Appellant has cited no reasoning for such a limitation except "to protect the great bulk of information which is accumulated by the Employment Security Division and, in so doing, to insure the Employment Security Division's ability to secure the information necessary for the proper administration of the Employment Security Law would not be impaired."

The Arkansas Workers' Compensation Act and the Employment Security Act are both social legislation to protect the interests of injured and unemployed workers. As such, the two acts should be construed as compatible and in aid of each other.

In the instant case, we construe the provisions of the Employment Security Law as codified at § 81-1114(*l*) (Repl. 1976) to be based on the right to privacy of the individual. We see no justification for the Employment Security Division to refuse to provide, pursuant to a subpoena duces tecum by the Workers' Compensation Commission, information that was furnished by the claimant to the Employment Security Division. The protection of the statute was waived by the individual upon his requesting the information which he provided. The identity of the employing unit and other collateral information obtained by the Employment Security Division in the ordinary course of its business would be privileged information.

We modify the decision of the Workers' Compensation Commission to allow the production of those written documents and information provided by the employee to the Employment Security Division; provided, however, the Employment Security Division shall delete all references to the identity of the employing unit.

Affirmed as modified.