The Honorable J. Sturgis Miller State Representative and Chairman Legislative Joint Auditing Committee 172 State Capitol Little Rock, Arkansas 72201-1099
Dear Representative Miller:
This is in response to your request for an opinion on two questions regarding the preparation of a report by the Legislative Audit staff. Specifically, you indicate that at its February 1994 meeting, the Committee on State Agencies of the Legislative Joint Auditing Committee reviewed the 1993 audit report of the Arkansas Employment Security Department ("ESD"). During the meeting, allegations were made that ESD had used favoritism in forgiving penalties and interest on late reports for certain employing units or individuals. The Legislative Joint Auditing Committee requested the Legislative Audit staff to review the results of the State Police investigation[1] and the internal audit by ESD and determine if the results of their investigations were based on sound methods and whether the findings were fairly presented. The Committee also requested the preparation of a report containing the Legislative Audit staff's conclusions. It is this report which is the subject of your questions.
You note that the Arkansas Freedom of Information Act, ("FOIA") codified at A.C.A. 25-19-101 to -107, generally requires that all public records are open to inspection and copying unless specifically exempt under the Act or other state law. You also indicate, however, that another statute, A.C.A. 11-10-314 (Cum. Supp. 1993), provides for the confidentiality of certain information maintained by ESD, and provides that this information "shall not be . . . disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity." You have posed the following two questions in light of this language:
 1. May the Division of Legislative Audit's report regarding allegations of the Employment Security Department forgiving penalties and interest include the individual's or employing unit's name or account number?
 2. If the answer to question 1 is `No', may the Division of Legislative Audit's report regarding allegations of the Employment Security Department forgiving penalties and interest use the terms `Case 1' and `Case 2', etc., instead of the identity of the individual or employing unit?
A more detailed analysis of the statutes involved is necessary prior to answering your questions. First, reference should be made to any laws which might require disclosure of the records in question. As you have noted, the Arkansas FOIA provides that "except as otherwise specifically provided by (25-19-105) or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying. . . ." A.C.A.25-19-105 (a) (Cum. Supp. 1993) (emphasis added). Another statute addresses the public nature of certain documents prepared and maintained by the Division of Legislative Audit. Section 10-4-115(c) (Cum. Supp. 1993) provides as follows:
 (c)(1) All working papers, including notes, memoranda, preliminary drafts or audit reports, and other data gathered in the preparation of audit reports by the Division of Legislative Audit are exempt from the provisions of the Arkansas Freedom of Information Act, 25-19-101 et seq., and are not to be considered public documents for purposes of inspection or copying under the Arkansas Freedom of Information Act or any other law of the State of Arkansas, except as provided in this subsection.
 (2) After any audit report has been presented to the Legislative Joint Auditing Committee members, that audit report and copies of any documents contained in the working papers of the Division of Legislative Audit shall be open to public inspection, except documents specifically exempted from disclosure under the Arkansas Freedom of Information Act and except documents which disclose auditing procedures and techniques. . . .
Subsection (c)(2) above renders "any audit report" and documents contained in the working papers of the Division of Legislative Audit, public documents after the report has been presented to the Committee, unless the documents are specifically exempted by the FOIA or would disclose auditing procedures.
It is unclear from your request whether the report requested by the Committee is an "audit report." The Committee has the authority to request the Legislative Auditor to make special audits or investigations. See A.C.A. 10-4-109(a). It is my understanding that the staff of Legislative Audit does not consider this report one of the several types of "audit reports" it prepares. It may therefore be more properly termed an "investigation report" under A.C.A. 10-4-109, or simply an "other report" under A.C.A. 10-4-115(b) (Cum. Supp. 1993). Because it is not an "audit report," the provisions of subsection (c) above relative to the exemption and disclosure of "audit reports" do not apply. Had the legislature intended subsection (c) to apply to all "reports," or "any other reports" as it described in subsection (b), it could have plainly so stated. We are thus left to construe the general provisions of the FOIA, and any exemptions contained therein.
The report is a "public record" under the FOIA as that term is defined in the act. See A.C.A. 25-19-103(1). It is "required to be kept" by A.C.A. 10-4-115(b). See also Legislative Joint Auditing Committee v. Woosley, 291 Ark. 89, 722 S.W.2d 581
(1987). As noted previously, however, the FOIA has a "catchall" exemption which includes records exempted by other state statutes. One such statute is A.C.A. 11-10-314 (Cum. Supp. 1993), which governs the confidentiality of certain records of the Employment Security Division. It provides, in pertinent part, as follows:
 (a)(1) Except as otherwise provided in this section, information obtained by the director from any employing unit or individual pursuant to the administration of 11-10-101 et seq. and any determination as to the rights or status of any employer or individual made by the director pursuant to the administration of 11-10-101 et seq. shall be held confidential and shall be protected by government privilege.[2]
 (2) The information shall not be used in any action or proceeding before any court, administrative tribunal, or body, except those created by 11-10-101
et seq., unless the Arkansas Employment Security Department is a party, a real party in interest, or a complainant therein or unless the litigation involves criminal actions brought under provision of 11-10-101
et seq. This information shall not be otherwise disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity. [Emphasis added.]
See also A.C.A. 10-4-205 (Cum. Supp. 1993).
This statute has been recognized, by at least one commentator, as "probably" qualifying as a complete or partial exemption to the FOIA. See J. Watkins, The Arkansas Freedom of Information Act (2d ed. 1993). See also Op. Att'y Gen. 91-003. A review of the legislative history of this exemption (see specifically Act 43 of 1981, 16, and Arkansas Employment Security Division v. Beeler,2 Ark. App. 251, 620 S.W.2d 307 (1981)), reveals a legislative intent to shield an individual's or employing unit's identity from public inspection. See again, Op. Att'y Gen. 91-003.
With this background, I can now proceed to address your two specific questions. In response to your first question, it is my opinion that the FOIA does not govern what information must be included in a report of Legislative Audit. Whether the individual's or employing unit's name and account numbers are originally included in the report is not controlled by the FOIA. If the report is released to the public, however, the FOIA, in conjunction with the ESD confidentiality statute (A.C.A.11-10-314), will require that information revealing the individual's or employing unit's identity be excised from the record prior to release. Whether the information is included as an initial matter and then excised pursuant to law, or whether the information is simply left out of the report, is a decision to be made by Legislative Audit.
Similarly, in response to your second question, the FOIA does not govern the terminology placed in a report of Legislative Audit. Whether the Division uses the terminology `Case 1' or `Case 2' in preparing its report, or includes names and identifying factors and then excises them prior to public release is a decision up to the staff of Legislative Audit. The FOIA does not require the creation of any new records, but rather grants access to existing ones. See e.g. Op. Att'y Gen. 93-189, 92-132, and 91-208.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I have not been provided with any information as to whether the State Police investigation is still "ongoing" and thus whether any portion of the report at issue might be exempt under A.C.A. 25-19-105(6) (Cum. Supp. 1993). I understand that the State Police has completed its duties in this regard. In any event, this does not appear to be the focus of your inquiry.
[2] I assume that the Division of Legislative Audit is authorized to view this information under the authority of either A.C.A. 10-4-106(c)(1) (Cum. Supp. 1993) or A.C.A. 11-10-314(c)(1) (Cum. Supp. 1993), and that the information has been made available to the Legislative Joint Auditing Committee pursuant to A.C.A. 11-10-314(c)(1), or that it is otherwise authorized to review it pursuant to A.C.A. 11-10-314 (a)(2).