The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, AR 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following question:
 Do the confidentiality provisions in A.C.A. § 11-10-314 extend to records/pleadings, etc. once they are filed in a court of record as part of a civil or criminal action, or are these pleadings/legal filings, etc. subject to public inspection/copying at the ESD office once ESD has filed these pleadings/records, etc. with a court of record?
It is my opinion that the provisions of A.C.A. § 11-10-314 do apply to shield records from inspection by the general public when in the hands of the Employment Security Division, or "ESD," even though the documents may be a part of court filings.
The relevant statute provides as follows:
 (a)(1) Except as otherwise provided in this section, information obtained by the director from any employing unit or individual pursuant to the administration of § 11-10-101 et seq. and any determination as to the rights or status of any employer or individual made by the director pursuant to the administration of § 11-10-101 et seq. shall be held confidential and shall be protected by government privilege.
 (2) The information shall not be used in any action or proceeding before any court, administrative tribunal, or body, except those created by § 11-10-101 et seq., unless the Arkansas Employment Security Department is a party, a real party in interest, or a complainant therein or unless the litigation involves criminal actions brought under provisions of § 11-10-101 et seq. This information shall not be otherwise disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity.
This statute, as previously noted by this office (see Op. Att'y Gen. 94-170), has been recognized, by at least one commentator, as "probably" qualifying as a complete or partial exemption to the "Arkansas Freedom of Information Act." A.C.A. § 25-19-101 to -107. Prior to 1981, the provision read simply:
 Except as hereinafter otherwise provided, information obtained from any employing unit or individual pursuant to the administration of this act, and determination as to the benefit rights of any individual shall be held confidential and shall not be disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity.
Act 43 of 1981 amended this language to add the provisions about "government privilege" and the use of such records in administrative or court proceedings. The amendment is mentioned in the 1981 case of Arkansas Employment Security Division v.Beeler, 2 Ark. App. 251, 620 S.W.2d 307 (1981). In Beeler, the Court of Appeals held the former statute was based upon the right to privacy of the individual, and not some form of executive privilege, and thus it was error for the ESD to refuse to provide information from a form furnished ESD by the claimant, where the claimant requested that the information be furnished to the Workers' Compensation Commission for use in an administrative hearing before that body. The claimant, having waived his own privacy right, was entitled to use the information in the Workers' Compensation proceeding, but the court directed that any references to the identity of the employing unit be deleted.
The 1981 amendment now provides that the information is protected "by government privilege. . . ." In addition, the amendment provides that the information shall not be used in administrative tribunals or courts, unless the ESD is a party, a real party in interest, or a complainant, or unless the action involves criminal actions brought under 11-10-101 et seq. I assume from a reading of your question that one of the above exceptions is applicable. Either the ESD is a party to the court action, a real party in interest or complainant, or the action is a criminal one under 11-10-101 et seq. The statute would thus allow the records to be used in the court proceeding. This does not mean, however, that the general public can now obtain the records from the ESD office. The statute, after setting out the circumstances under which the records may be used in court, states that: "[t]his information shall not be otherwise disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity." Thus, although the information may be used in a court proceeding, the statute does not authorize the general public to view the records at the ESD office once the records become a part of a court proceeding.
The question of whether the records may be viewed at the courthouse does not appear to be implicated by your request. Questions arising as to what court documents may be viewed by the general public will be under the jurisdiction of the court.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General