Mr. Stephen Lisle Lisle Law Firm, P.A. 1458 Plaza Place, Ste. 101 Springdale, AR 72764-5273
Dear Mr. Lisle:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that a request has been presented to the City of Lowell for "all written employment and personnel records" of a former city employee. You have provided me with copies of all records that are responsive to the request. They are the following:
Arrest records
 Letter from the mayor to "all concerned persons" announcing the employee's resignation
The employee's letter of resignation
Payroll records
Records reflecting city personal property
Employee profile
Morning News article dated April 14, 1999
Employment Eligibility Verification
 Copies of employee's social security card and driver's license, with numbers redacted
The employee's letter of application
The employee's resume
Record stating employee's reason for separation
Employment Security Division records
Medical records
You indicate that you have determined that the former employee's resume, job application, list of city equipment issued to him, and pay records should be released, with social security number redacted, but that medical records and Employment Security Division records should not be disclosed. You did not state your determination with regard to the other records.
I am directed by law to issue my opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
Response
It is my opinion that your determination regarding the disclosability of the former employee's resume, job application, list of city equipment, and pay records (with social security number redacted) is correct. All of these records constitute "personnel records" within the meaning of the FOIA. Under the FOIA, personnel records are subject to disclosure (and should therefore be released) unless their release would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. § 25-19-105(b)(12). None of the listed records is of such a nature that its release would constitute a clearly unwarranted invasion of the employee's personal privacy. It is my opinion that the following records, which you did not address, also constitute personnel records and should be released: the letter from the mayor, the employee's letter of resignation, the employee profile, the Morning News article, the Employment Eligibility Verification, the copy of the employee's social security card (with number redacted), and the employee's letter of application. Again, these records do not contain information the release of which would constitute a clearly unwarranted invasion of the employee's personal privacy.
It should be noted that all records that are released should be reviewed carefully prior to their release to determine whether they contain any exempt information. If so, that information should be redacted. It appears that some of the records you have provided reflect information that should be redacted. For example, the arrest records appear to reflect social security numbers, and the payroll records reflect tax information that is exempt under A.C.A. § 25-19-105(b)(1). See also Ops. Att'y Gen. Nos. 2001-122; 99-016; 96-291 (concerning the exemption from disclosure of federal tax information). It would be advisable to review these records prior to release to identify any such exempt information.
It is my opinion that the copy of the employee's driver's license should not be released. The information reflected on the license is required by federal law to be withheld from public disclosure. See 18 U.S.C. § 2721 et seq.
It is my opinion that your determination concerning the medical records is correct. Medical records are specifically exempt from disclosure under the FOIA. A.C.A. § 25-19-105(b)(2).
It is my opinion that your determination concerning the Employment Security Division records is correct. They should not be released. These records are deemed "confidential" under the provisions of A.C.A. § 11-10-314, which govern the Employment Security Division. As my predecessor stated concerning this exemption:
A review of the legislative history of this exemption (see specifically Act 43 of 1981, 16, and Arkansas Employment Security Division v. Beeler, 2 Ark. App. 251, 620 S.W.2d 307 (1981)), reveals a legislative intent to shield an individual's or employing unit's identity from public inspection.
Op. Att'y Gen. No. 94-170. Accord, Op. Att'y Gen. No. 91-003. You are therefore correct that these records should not be released.
It is my opinion that the arrest records should be released. The Arkansas Supreme Court has specifically held that arrest records are public and subject to disclosure under the FOIA. See Hengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761
(1991). The Hengel court acknowledged that privacy or reputational interests may be implicated by the disclosure of arrest records, but concluded that those interests are outweighed by the strong public interest in such records. Hengel, 307 at 461, citing J. Watkins, The Arkansas Freedom of Information Act at 72 (1988). Accordingly, I must conclude that the arrest records about which you have inquired should be released.
It is my opinion that the record stating the employee's reason for separation should not be released. This record, in my opinion, constitutes an "employee evaluation/job performance record," within the meaning of the FOIA.
Such records can be disclosed only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). An obvious presupposition of the foregoing test for releasability is that the employee in question was suspended or terminated. In the situation about which you have inquired, the employee in question was not suspended or terminated. Rather, he resigned. For this reason, any record constituting an employee evaluation/job performance record (including the record stating the employee's reason for separation) should not be released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh