LEGISLATIVE JOINT AUDITING COMMITTEE
v. David R. WOOSLEY

86-140                                          722 S.W.2d 581

Supreme Court of Arkansas
Opinion delivered January 26, 1987

*Steve Clark*, Att'y Gen., by: *Jeffrey A. Bell*, Dep. Att'y Gen., and *Kay J. Jackson Demailly*, Asst. Att'y Gen., for appellant.

*David M. Olive*, Asst. General Counsel, Donrey Media Group, for appellee.

DARRELL HICKMAN, Justice. ■ This is a Freedom of Information Act case. The trial judge ruled that the "working papers" of state auditors, conducting an audit of the Benton County Circuit Clerk's office for the Legislative Joint Auditing Committee, were not exempt from public inspection under the act. The legislative committee appeals, making four arguments why the documents are not subject to public inspection. The trial court was right, and we affirm the judgment.

David R. Woosley, the appellee, is the business manager and part-time editor for the *Northwest Arkansas Morning News* in Rogers, Arkansas. On January 20, 1985, Woosley asked the auditors for permission to see certain records, worksheets, and their notes of the audit. The auditors showed Woosley the circuit court records at the prosecuting attorney's direction. But the auditors declined to show Woosley the notes, records, and working papers which they compiled in connection with the audit.

The prosecuting attorney subpoenaed these documents on January 30, 1986. The next day Woosley petitioned the circuit court for an order granting access to these records under the act. The trial court first found the working papers were public records and not exempt from disclosure under the FOIA. However, these documents were ruled exempt while held by the prosecuting attorney under subpoena. Only the first ruling is questioned on appeal.

■ For a record to be subject to the FOIA and available to the public, it must be possessed by an entity covered by the act, fall within the act's definition of public record, and not be exempted by the act or other statutes. Watkins, *Access to Public Records Under the Arkansas Freedom of Information Act*, 37 Ark. L. Rev. 741 (1984). It is not disputed that the records were possessed by the appellant.

■■ Public records are defined in the act as ". . . writings, recorded sounds, films, tapes, or data compilations in any form (a) required by law to be kept, or (b) otherwise kept and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." Ark. Stat. Ann. § 12-2803 (Supp. 1985).

The working papers in this case are required by law to be kept. Ark. Stat. Ann. § 13-1507 (Repl. 1979) makes that requirement:

> The Legislative Auditor shall keep, or cause to be kept, a complete, accurate and adequate set of fiscal transactions of the Division of Legislative Audit. He shall also keep a complete file of copies of all audit reports, examinations, investigations, and any and all other reports or releases issued by him or his office, and a complete file of audit work papers and other evidence pertaining to work of the Division of Legislative Audit.

■ The appellant first argues that these documents are

exempt because they are the working papers of legislators. The act does exempt the working papers of certain officials. Ark. Stat. Ann. § 12-2804 (Repl. 1979) provides:

> . . . It is the specific intent of this Section that . . . unpublished memoranda, working papers, and correspondence of the Governor, Legislators, Supreme Court Justices, and the Attorney General . . . shall not be deemed to be made open to the public under the provisions of this Act [§§ 12-2801—12-2809].

The argument is made that since the legislature created the Legislative Joint Auditing Committee to perform audits for the legislature, the working papers of the auditors are the equivalent of working papers for the legislators.

The working papers of an auditor who is a state employee, cannot be deemed the private papers of individual legislators without completely disregarding the plain and simple language of the FOIA. The act does not exempt working papers of employees of a legislative committee, only those of the legislators.

To agree with the appellant would be to ignore the plain and simple language of the act and deny the public access to these public records. We have never taken a narrow view of the FOIA but have always interpreted it to promote free access to public records and most favorably to the public. *Arkansas Gazette Co.* v. *Southern State College*, 273 Ark. 248, 620 S.W.2d 258 (1981); *Laman* v. *McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968); Watkins, *supra.*

The appellant next argues that the auditors' working papers are exempt under "other laws" because Ark. Stat. Ann. § 13-209(D) (Repl. 1979) declares audits are public when the final audit report is filed and sent to the legislature. The appellant argues these working papers are confidential until the final report is filed.

The FOIA requires a statute to specifically provide for nondisclosure in order to qualify as an exemption to the act. Ark. Stat. Ann. § 12-2804; Watkins, *supra.* Recently, in *Ragland* v. *Yeargan*, 288 Ark. 81, 702 S.W.2d 23 (1986), we ruled if the legislature fails to specify that particular records are to be excluded from inspection, or if its intention to do so is not clear,

then the records are subject to inspection. Ark. Stat. Ann. § 13-209(D) does not specifically provide that the working papers are confidential or exempt from public disclosure under the FOIA. Under the plain language of the FOIA and our decisions reconciling the act with other statutes, this argument fails.

The appellant's third argument is that the Code of Ethics of the American Institute for Certified Public Accountants requires working papers of accountants be kept confidential. The appellant overlooks the fact that these accountants work for the public, not private clients. The legislature decides what will be made public and it has spoken with the Freedom of Information Act.

Finally, the appellant argues that the working papers are exempt because of the law enforcement exception to the act. Ark. Stat. Ann. § 12-2804. Ark. Stat. Ann. § 13-508 (Repl. 1979) requires the legislative auditor to turn over to the prosecuting attorney evidence of illegal transactions. The appellant argues by its audits, it assists the prosecuting attorney's investigations, and premature disclosure of the working papers would interfere with the investigation.

The law enforcement exemption does not apply to the appellant. The exemption includes only agencies which investigate suspected criminal activity under the state penal code and have enforcement powers. Appellant is not a law enforcement agency within the act.

We find the trial court was correct in holding the working papers were, according to FOIA, public records and not specifically exempt from examination.

Affirmed.