Winston BRYANT, Attorney General and George Vena, Deputy Attorney General *v.* Thomas A. MARS

91-262                                          830 S.W.2d 869

Supreme Court of Arkansas
Opinion delivered May 26, 1992
[Rehearing denied June 22, 1992.*]

---

*Newbern, J., not participating.

*Winston Bryant*, Att'y Gen., by: *Mary B. Stallcup*, Senior Asst. Att'y Gen., for appellants.

*John J. Watkins*, for appellee.

OTIS H. TURNER, Special Justice. This case is a test of the parameters of the statutory exemption granted the Attorney General of Arkansas from the provisions of the Arkansas Freedom of Information Act (FOIA) 93 of 1967, as amended.

In a utility rate case pending before the Arkansas Public Service Commission (Commission), the appellee Thomas A. Mars, an attorney for Arkansas Western Gas Company, served discovery requests on the appellant Attorney General for production of information relating to the pending case. The requested information included the data utilized by Mitchell & Mitchell, consultants from Dallas, Texas, in compiling a report for the Commission in the pending rate case. The Attorney General objected to the discovery request. On the same date a written request was made pursuant to the FOIA to inspect and copy documents kept in the office of Mitchell & Mitchell, which were relied upon by the consultants in preparing their filed report in the rate case. The appellee also sought to inspect and copy records in the Attorney General's office relating to the Arkansas Western Gas proceeding but excluding any memoranda, working papers, and correspondence created by the Attorney General himself. The Attorney General responded by making available all documents except those that he asserted fell within the Attorney General exemption for "unpublished memoranda, working papers, and correspondence of the Attorney General" — namely, documents prepared by staff and the consultants.

Thereafter, this suit was filed to require disclosure of all documents not personally created by the Attorney General. The case was heard by the trial court upon the stipulation of the parties, and the trial court concluded that the "Attorney General" statutory exemption applied only to memoranda, working

papers, and correspondence of the Attorney General himself but not to such records created, prepared, obtained, gathered, or assembled by, or provided or furnished to, members of the Attorney General's staff or private consultants.

We reverse as we believe the trial court's interpretation of the statutory exemption is overly restrictive.

The Attorney General asserts three points as bases for this appeal: first, this court is not bound by the circuit court's decision; second, the circuit court erred in finding that the FOIA's working papers exemption applies only to the officeholder personally and not staff members or expert consultants; and third, the working papers exemption includes all documents prepared, collected, or assembled by the Attorney General's staff and the outside consultants.

■  This court is not bound by the decision of the circuit court. However, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W.2d 614 (1977). In this regard, we find that the trial court erroneously construed the effect of the statutory exemption granted to the Attorney General. Points two and three will be considered as a single issue contesting the trial court's restrictive interpretation of the exemption.

The Arkansas Freedom of Information Act, originally enacted as Act 93 of 1967 and subsequently amended, is codified as Ark. Code Ann. § 25-19-101 through -107 (1987 & Supp. 1991) and provides in pertinent part:

> "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.

Clearly, all of the information sought by appellee falls within

the statutory definition of public records unless exempted. Section 25-19-105 provides in pertinent part:

> (b)   It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:

> . . . .

> (7)   Unpublished memoranda, working papers, and correspondence of . . . the Attorney General[.]

A review of the existing case law cited to support each argument sheds little light on the ultimate issue other than to suggest, through history, *dictum*, or by analogy, the parameters of the exemption. Even so, much of the history and *dictum* appear to be in conflict. For example, in *Scott* v. *Smith*, 292 Ark. 174, 728 S.W.2d 515 (1987), we rejected the contention of the Arkansas Department of Human Services that files maintained by that agency's attorneys were exempted from the FOIA but, in so holding, we gratuitously noted that there had been no appeal from a portion of the circuit court's order exempting a letter, a memorandum, and trial notes prepared by an Assistant Attorney General because these documents were "unpublished memoranda, working papers, and correspondence of the Attorney General" within the meaning of the statutory exemption. *Id*. at 175, 728 S.W.2d at 515.

Subsequently, in *Arkansas Hwy. & Transp. Dep't* v. *Hope Brick Works, Inc.*, 294 Ark. 490, 744 S.W.2d 711 (1988), we seemed to ratify the decision of the trial court in *Scott* v. *Smith, supra*, by noting with apparent approval an FOIA exemption for records created by the Assistant Attorney General, while again drawing the line with regard to state agency records in possession of the Attorney General. We stated:

> The third argument presented by the appellant is that the real estate appraisals amounted to working papers, correspondence, and unpublished memoranda of the Attorney General. This argument is answered by our opinion in *Scott* v. *Smith*, 292 Ark. 174, 728 S.W.2d 515 (1987). In *Scott*, the trial court's ruling was that a "letter, a memorandum, and trial notes prepared by the assistant attorney general were exempted from disclosure because

they were 'unpublished memoranda, working papers, and correspondence of the Attorney General.' " The trial court further held that the state agency records which were in the possession of the deputy general counsel of the Human Services Department and the assistant attorney general were subject to public disclosure.

On appeal *we specifically rejected the argument for reversal that the court erred in holding that the Freedom of Information Act applied to litigation files maintained by attorneys representing state agencies.* [Emphasis added.]

*Hope Brick Works, supra,* at 494-95, 744 S.W.2d at 713-14.

*Legislative Joint Auditing Comm.* v. *Woosley,* 291 Ark. 89, 722 S.W.2d 581 (1987) lends further support to the appellee's position. In holding that working papers of the Legislative Joint Auditing Committee (a committee created by the General Assembly) were not exempted from public inspection under the exemption granted to "members of the General Assembly," we stated that "[t]he working papers of an auditor who is a state employee, cannot be deemed the *private papers* of individual legislators without completely disregarding the plain and simple language of the FOIA." *Id.* at 92, 722 S.W.2d at 583. (Emphasis added.) Thus, there was an implication that only the "private papers" of the named official were exempted.

■ We are fully aware of our prior decisions which clearly state that exemptions are to be narrowly construed in favor of openness, *Ragland* v. *Yeargan,* 288 Ark. 81, 702 S.W.2d 23 (1986); *Laman* v. *McCord,* 245 Ark. 401, 432 S.W.2d 753 (1968), and we reaffirm that general policy. However, we are nevertheless persuaded that the stated policy does not preclude an open-minded consideration of the meaning of the exemption as it applies to the Attorney General of Arkansas. Without burdening this opinion with citations to the numerous but unrelated prior cases, there are extensive references clearly referring to the "Attorney General" as an office as opposed to an individual. The ordinary accepted usage of the term clearly includes not only the individual holding the elective office but also his authorized deputies and representatives.

■ While recognizing our commitment to the general proposition that the FOIA should be broadly construed in favor of disclosure and exceptions construed narrowly in order to counterbalance the self-protective interests of the governmental bureaucracy, *McCambridge* v. *City of Little Rock*, 298 Ark. 219, 766 S.W.2d 909 (1989), we are also aware of the need for a balancing of interests to give effect to what we perceive to be the intent of the General Assembly. In doing so, a common sense approach must be taken. *Simmons First Nat'l Bank* v. *Liberty Mut. Ins. Co.*, 282 Ark. 194, 667 S.W.2d 648 (1984).

A useful observation in this regard is offered by Judge Richard A. Posner in his work, *The Problems of Jurisprudence* (Harvard University Press, 1990), at 270, 273:

> [J]udges should ask themselves, when the message imparted by a statute is unclear, what the legislature would have wanted them to do in such a case of failed communication. The answer may be "nothing"; or there may be no answer; but the question ought to be asked.
>
> . . . .
>
> [I]nterpretation is creative rather than mechanical. . . . When confronting unclear statutes, judges . . . have to summon all their powers of imagination and empathy, in an effort — doomed to frequent failure — to place themselves in the position of the legislators who enacted the statute that they are being asked to interpret. They cannot only study plain meanings; they must try to understand the problem that the legislators faced.

■ In interpreting the legislative intent, we hold that the term "Attorney General" as used in the statute should be given its common and ordinary usage to include not only the officeholder but his staff members as well. This, we believe, reflects the legislative intent.

■ The working papers of Mitchell & Mitchell, the outside consultants retained by the Attorney General, are also exempt from the FOIA as working papers of the Attorney General. We note that, in the recent case of *City of Fayetteville* v. *Edmark*, 304 Ark. 179, 801 S.W.2d 275 (1990), it was held that working papers of outside attorneys retained by the municipality were

subject to the FOIA. However, there was no statutory exemption in *Edmark*. In this case, by way of contrast, the Mitchell papers became working papers of the Attorney General and are thus subject to the statutory exemption.

Reversed and dismissed.

NEWBERN, J., not participating.