The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your question is paraphrased as follows:
 Are letters that have been sent to the Governor's office concerning the pardon of a person who was convicted of a felony in Arkansas subject to disclosure under the FOIA?
You have provided no facts relative to the question asked and I am therefore not certain of the nature of the letters about which you have inquired. As a general matter, your question requires consideration of the exception set out at A.C.A. §25-19-105(b)(7). This provision states as follows:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (7) Unpublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, and the Attorney General.
This exception to the disclosure requirements under the FOIA was the subject of recent litigation in the case of Bryant v. Mars,309 Ark. 480, 830 S.W.2d 879 (1992). The Arkansas Supreme Court reversed the trial court's ruling in that case that the exemption applied only to memoranda, working papers, and correspondence of the Attorney General himself, but not to such records created or assembled by, or provided or furnished to members of the Attorney General's staff or private consultants. 309 Ark. at 482. As a result of the Supreme Court's ruling, the Attorney General was not required to release, among certain other documents, correspondence from consultants who were not retained by the Attorney General's office. It thus appears that the exception for "correspondence of" the named officials, i.e., the Governor, members of the General Assembly, Supreme Court Justices, and the Attorney General, includes both copies of letters that the officials have written to others, as well as letters received by the officials. The Mars case, supra, indicates that any question in this area has been resolved in favor of applying the exemption to both copies of letters written by the Governor (and other named officials) and letters written to him. As a general matter, therefore, it is my opinion that the letters written to the Governor would be exempt from disclosure under the FOIA.
In considering your question, however, reference must also be made to the Code provisions governing applications for pardon. As noted above, I am somewhat unclear as to the nature of the letters in question or why they were sent to the Governor. Arkansas Code Annotated § 16-93-204(a) (Cum. Supp. 1991) provides for the referral of all applications for pardon to the State Board of Parole and Community Rehabilitation for investigation. Subsection (c) states:
 (c)(1) Before the parole board shall consider an application for a pardon . . ., the board shall solicit the written or oral recommendation of the committing court, the prosecuting attorney, and the sheriff of the county from which the person was committed.
 (2) Before considering an application for a pardon . . . of a person who was convicted of capital murder, or a Class Y, Class A, or Class B felony, the board shall notify the victim of the crime or the victim's next of kin, if he or she files a request for notice with the prosecuting attorney. When the board provides notice under this subsection, the board shall solicit the written or oral recommendations of the victim or his next of kin regarding the granting of a pardon. . . .
 (3) The board shall retain a copy of the recommendations in the board's file.
 (4) The recommendations shall not be binding upon the board in advising the Governor whether to grant a pardon . . ., but shall be maintained in a file which shall be open to the public during reasonable business hours. [Emphasis added.]
It thus seems clear that such recommendations can be obtained from the files of the State Board of Parole and Community Rehabilitation.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
[1] See A.C.A. § 16-90-605 (Cum. Supp. 1991) with regard to the expungment of records relating to the conviction of a person pardoned once the Governor's pardon has been entered. Seealso A.C.A. § 5-4-607 (Cum. Supp. 1991) regarding the distribution and publication of applications for pardon.