Mr. Jack R. Kearney, Director Arkansas Ethics Commission 2020 West Third, Suite 300 Little Rock, AR 72205
Dear Mr. Kearney:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101 et seq. (Repl. 1992). Your specific question is as follows:
 Am I required under A.C.A. § 25-19-105(b)(7), to provide a newspaper, pursuant to an FOIA request, correspondence written by the Governor to me, as director of the Arkansas Ethics Commission?
It is my opinion that the answer to this question is "yes." Section 25-19-105(b)(7), referenced in your question, is the exemption under the FOIA for "[u]npublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, and the Attorney General." A recent Arkansas Supreme Court ruling indicates that the exemption for "correspondence of" the named officials includes letters written to the officials. See Bryant v.Mars, 309 Ark. 480, 830 S.W.2d 879 (1992) and Op. Att'y Gen.92-346. The Mars case did not, however, involve correspondence received by another official from an official named in §25-19-105(b)(7), and the question of whether the exemption applies to such correspondence in the hands of that other official.
The exemption under § 25-19-105(b)(7) for "correspondence of" the named officials may, in my opinion, reasonably be construed to encompass letters received by those officials and copies of letters written by them. See Op. Att'y Gen. 92-346. I cannot conclude, however, that it generally includes correspondence in the hands of other officials not mentioned in this subsection. A letter directed to another public official is, in my opinion, "correspondence of" that official when in his or her hands. This construction of the word "of" in its possessory sense is consistent with the Arkansas Supreme Court's commitment to the general proposition that exemptions under the FOIA should be construed narrowly. Laman v. McCord, 245 Ark. 401, 404-406,432 S.W.2d 753 (1968) and Bryant v. Mars, 309 Ark. at 485. Black'sLaw Dictionary states that the word "of" has been held equivalent to "belonging to" and "in possession of." Black's
(5th ed. 1979) at 975. While the term could, in its broad sense, conceivably mean any correspondence originating from the named officials, I do not believe a court would be inclined to embrace that interpretation in light of the usual approach to construing exemptions narrowly.
Thus, in response to your specific question, it is my opinion that the FOIA requires your disclosure of the correspondence written by the Governor to you. The FOIA request attached to your opinion request indicates that the correspondence in question is a "public record." You are not included among the officials listed in § 25-19-105(b)(7). Thus, disclosure is mandated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh