The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, AR 72201
Dear Mr. Huckabee:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA" or "act"), which is codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1993). You note that the working papers of the Governor, members of the General Assembly, Supreme Court Justices, and Attorney General are specifically exempt from public inspection and copying under the act. See A.C.A. § 25-19-105(b)(7) (Supp. 1993).[1] Your specific questions in this regard are as follows:
 1. The Lieutenant Governor is President of the Senate according to the Constitution. Since it appears that the intent of the exemption is to protect against violating the privacy rights of those who might contact their elected officials, would such contacts made with the Lieutenant Governor be afforded the same exemption?
 2. The two constitutional duties of the Lieutenant Governor are to preside over the state Senate and to serve as Governor in the absence of the Governor. Since these two official duties are related to the exemptions of the FOIA, is it appropriate to assume that the working papers of the Lieutenant Governor are given the same exemption?
 3. Is there any overriding federal constitutional guarantee protecting the privacy of a citizen who writes to the Lieutenant Governor or visits with him personally to share what could be very sensitive information related to state government?
 4. Would documents generated during the time the Lieutenant Governor is acting Governor be exempt?
 5. Does the fact that the qualifications of the Lieutenant Governor are identical to those of the Governor and the duties are identical during the times of service as Acting Governor indicate that there should be the same discretion given to working papers of the Lieutenant as is given the Governor?
 6. Does the state in any way open itself up to a claim of invasion of privacy should information obtained by an FOIA of an active file or working paper in which a private citizen is acting as "whistle-blower" be released?
It is my opinion that the answer to your first question is "no." The Lieutenant Governor is not covered by the exemption in A.C.A. §25-19-105(b)(7), supra n. 1. (But see discussion, infra, regarding Lieutenant Governor acting as Governor.) As stated by a recognized commentator on the FOIA, "[o]nly the state officials named in the statute, as well as their staffs and consultants, are covered by subsection (b)(7)." J. Watkins, The Arkansas Freedom of Information Act
100 (2d ed. 1994). This follows, in my opinion, from the plain language of the exemption. See generally Legislative Joint Auditing Committee v.Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987) (refusing to extend the exemption to auditors employed by the General Assembly's auditing committee). While there is judicial precedent for applying a "common sense approach" to FOIA exemptions (Bryant v. Mars, 309 Ark. 480, 485,830 S.W.2d 869 (1992)), it seems clear that this approach only potentially applies in the case of ambiguity. Section 25-19-105(b)(7) is, in my opinion, clear insofar as the officials named therein are concerned.
It is my opinion that the answer to your second question is also "no," for the reasons stated above. The courts will not act on their own to create an exception to the FOIA. The Freedom of Information Act, supra at 9.
In response to your third question concerning the existence of "any overriding federal constitutional guarantee protecting the privacy of a citizen . . . [,]" the Arkansas Supreme Court has indicated that the right to privacy developed under the U.S. Constitution (see Whalen v.Roe, 429 U.S. 589 (1977)) may prevent disclosure of records that would otherwise be open to public inspection under the FOIA. McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). In evaluating this potential claim, it must first be determined whether the information involves "personal matters." McCambridge, 298 Ark. at 229, 230. The court in McCambridge adopted a three-part test to determine what constitutes a "personal matter." This phrase includes information 1) that the individual wants to and has kept private or confidential; 2) that but for the government's disclosure can be kept confidential; and 3) that to a reasonable person would be harmful or embarrassing if disclosed. Id. at 230. If this test is met, the final question is "whether the governmental interest in disclosure under the [FOIA] outweighs the [individual's] privacy interest in the nondisclosure of the personal matters." Id. at 231, citing Nixon v. Administrator of General Services, 433 U.S. 425
(1977).
It is apparent that application of the constitutional right to privacy requires a case-by-case review. Whether release of particular records would constitute an unconstitutional invasion of privacy can only be determined with reference to individual facts and circumstances. According to one commentator, the McCambridge case suggests that the court is not willing to apply the constitutional privacy right expansively. The Arkansas Freedom of Information Act, supra at 156.
Your fourth question inquires as to documents generated during the time the Lieutenant Governor is acting Governor. See Ark. Const. amend. 6, § 4. In my opinion, it may reasonably be concluded that the exemption for "unpublished memoranda, working papers, and correspondence of the Governor . . ." (§ 25-19-105(b)(7)) is applicable when the "powers and duties of the office [of Governor] . . . devolve upon the Lieutenant Governor. . . ." Ark. Const. amend. 6, § 4. As noted above, the Arkansas Supreme Court has indicated that the policy of construing FOIA exemptions narrowly is a "general proposition" subject to a "balancing of interests" under "a common sense approach." Bryant v. Mars, supra, 309 Ark. at 485. If squarely faced with the issue the court would, I believe, likely take a common sense approach to the Governor's exemption under §25-19-105(b)(7). The exemption is arguably unclear in light of the constitutional provision for the Lieutenant Governor's assumption of the powers and duties of the office of Governor. According to the court, the exemption in subsection (b)(7) "promotes and encourages free exchange of thought in each of the three branches of government." McCambridge,supra, 298 Ark. at 228. Narrowly construing the exemption as applying to the Governor alone would, it seems, seriously undermine this purpose. And there is precedent for expanding the exemption beyond the named officials themselves. See Bryant, supra (holding that subsection (b)(7) also covers memoranda, working papers, and correspondence of the officials' staffs and consultants).
Thus, it is my opinion that the answer to your fourth question is "yes" with respect to the unpublished memoranda, working papers, and correspondence of the Lieutenant Governor in his capacity as acting Governor. This is not to say, however, that all such documents of the Lieutenant Governor will be covered by the exemption during his time of service as acting Governor. Rather, the exemption applies, in my opinion, only to such documents of the Lieutenant Governor as acting Governor. A distinction must, I believe, be drawn with respect to documents not relating or pertaining to his service as Governor.
With regard to your fifth question concerning the "discretion given to working papers" of the Lieutenant Governor, I am somewhat uncertain as to the exact focus of this inquiry. To the extent the question concerns working papers of the Lieutenant Governor in his capacity as acting Governor, see the response to Question 4, above. As stated, it is my opinion that the exemption for the Governor applies equally to the Lieutenant Governor in that instance.
With regard to your sixth, and final question involving a claim of invasion of privacy, I assume that this is asked with respect to information contained in records that are subject to disclosure under the FOIA.[2] It must be initially noted in this regard that in the case of a privacy action in tort, there is no recognized invasion of privacy when the records are available for public inspection under the FOIA. See TheArkansas Freedom of Information Act, supra at 321, n. 103.
With regard to a possible federal court action, Section 1983 (42 U.S.C. § 1983) could form the basis of a federal civil rights lawsuit if disclosure of the records infringed on an individual's constitutional right to privacy. The state is not covered by § 1983 (Will v. MichiganDept. of State Police, 491 U.S. 58 (1989); but individuals are covered. As stated, however, in The Arkansas Freedom of Information Act, supra:
 Because the scope of this right of privacy . . . remains somewhat uncertain, an official may be able to successfully assert a defense of qualified immunity.[3] Moreover, an official may be liable only for an intentional deprivation of due process; a showing that the official was negligent or reckless is not sufficient. Consequently, there can be no liability for the unintentional disclosure of records that implicate the constitutional right to privacy.
Id. at 308.
While the possibility of a Section 1983 claim exists, therefore, such a claim will not lie against the state or its agencies or departments. Moreover, the official who decided to release the records will not be held liable if that decision was merely negligent, and he or she may also be able to assert qualified immunity.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The exemption applies to "[u]npublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, and the Attorney General[.]" Id.
[2] Claims based upon the improper disclosure of records that are confidential as a matter of law require separate analysis. For a review of potential claims in this regard, see The Arkansas Freedom ofInformation Act, supra at 305-312. As noted therein, claims for damages based on wrongful disclosure could be brought under both state and federal law, but "there are significant obstacles to recovery." Id. at 306. Actions for damages brought in Arkansas courts against the state and its agencies and departments are barred by Article 5, Section 20 of the Arkansas Constitution. The state's immunity has been statutorily extended to state officers and employees in the absence of malicious acts or omissions. A.C.A. § 19-10-305(a) (Repl. 1994).
[3] The test of "qualified immunity" for individual officers turns upon the "objective legal reasonableness of the action" assessed in light of the legal rules that were "clearly established" at the time it was taken. Anderson v. Creighton, 483 U.S. 635 (1987).