The Honorable Pat Flanagin State Representative 935 North Washington Street Forrest City, AR 72335-2856
Dear Representative Flanagin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§25-19-101 through -107 (Repl. 1996). You state that "[r]ecently several news agencies made requests under the [FOIA] for access to documents generated from telephone calls to the Governor's hotline for reporting alleged abuse in state contracts." The FOIA request was denied by the Governor's office, based upon the "working papers exemption." Letter from Bud Cummins to Dennis Byrd, Elizabeth McFarland, and Joan Duffy (Oct. 13, 1997) (stating that "documents in the possession of the Governor's office are exempt from disclosure under the working papers exemption of the FOIA.")
You have requested an opinion on whether the documents generated from the telephone calls to the Governor's hotline are subject to disclosure under the FOIA. You state that "[t]he staff and expenses for the operation of the hotline are paid by the Department of Finance and Administration" ("DFA"), and that, additionally, "this office is housed, not in the Governor's office, but within the 1515 Building where other DFA offices are located."
It is my opinion that the so-called "working papers exemption" will apply to prevent disclosure in this instance only if it is established, as a factual matter, that the individuals who generated the documents work for the Governor and serve in a representative capacity or relationship similar to that served by members of the Governor's staff such that the case of Bryant v. Mars, 309 Ark. 480, 830 S.W.2d 869 (1992) will support the exemption. The facts you have presented do not indicate that this is the case. There may be additional facts which might bring this scenario into closer alignment with Mars, but it is, frankly, difficult to conceive of what such facts might be.
The relevant FOIA provision is found at A.C.A. § 25-19-105(b)(7), which exempts from public disclosure "[u]npublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, and the Attorney General." As noted by a recognized commentator on the FOIA, "[t]he scope of subsection (b)(7) has largely been defined by three Supreme Court decisions[.]" J. Watkins, TheArkansas Freedom of Information Act 100 (2nd ed. 1994). The three cases are: Legislative Joint Auditing Committee v. Woosley, 291 Ark. 89,722 S.W.2d 581 (1987), Arkansas Hwy. Transp. Dep't v. Hope Brick Works,Inc., 294 Ark. 490, 744 S.W.2d 711 (1988), and Bryant v. Mars, supra. The decisions in Woosley and Hope Brick make it clear that the exemption under § 25-19-105(b)(7) for "working papers" reaches only records of the named state officials, and does not extend to other entities subject to the FOIA. Arkansas Freedom of Information Act, supra at 101. Bryant v.Mars supports the proposition that the exemption also covers the staffs and private consultants of the named officials. Id. at 101-102. As pointed out by Professor Watkins, however, a question remains regarding the term "staff" under the Mars decision. Id. at 102. The precise scope of the exemption as it applies to particular officeholders other than the Attorney General has not been addressed. While some uncertainty thus exists in this regard, my review of these cases leads me to agree with Professor Watkins' assessment wherein he states:
 [T]he Court appeared to be influenced in [Bryant v. Mars] by the fact that lawyers of the Attorney General's staff stand in his shoes in providing legal representation to state agencies. As a result, one could argue that the exemption does not apply unless there is a similar relationship between the individual official and a member of his own staff.
Id.
With regard to the particular documents in question, the only information provided in your request, as noted above, is that they were "generated from telephone calls to the Governor's hotline. . . ." While it appears to be generally understood that the Governor established this "hotline," you have not provided any specific information in this regard. Regarding the hotline, you state only that the "staff and expenses" for its operation are paid for by the DFA, and that "this office is housed . . . within the 1515 building. . . ." These facts, taken alone, do not suggest that the persons who generated the documents (presumably those who man the hotline) are working for the Governor such that they would be considered staff members who serve in a representative capacity so that the documents should be deemed the "private papers" of the Governor. SeeWoosley, 291 Ark. at 92. See also generally Mars, supra. If would seem obvious that the Governor's working papers exemption should not be construed to apply to the work product of all executive branch employees, even when they are working on projects of interest to the Governor. So interpreted, the FOIA would, in effect, become inapplicable to the executive branch of government. Furthermore, in my opinion, mere possession of the records by the Governor's office does not alone satisfy the working papers exemption. See, e.g., Hope Brick, supra and Scott v.Smith, 292 Ark. 174, 728 S.W.2d 515 (1987) (involving the records of another state agency in the possession of an official covered by subsection (b)(7)). It should perhaps also be noted that it does not appear, from the information you have supplied, that the documents in question constitute working papers of outside consultants retained by the Governor. See Mars, supra. Nor is there any indication that the exemptions under subsection (b)(7) for "memoranda . . . and correspondence of the Governor" are implicated in this instance.[1]
In conclusion, therefore, if the facts you have provided are the only relevant facts on the question, then it is my opinion that the working papers exemption will not prevent public disclosure of documents generated from the Governor's hotline. If additional facts exist which makes this situation more closely resemble Bryant v. Mars, then resort to the courts may be necessary for a conclusive answer to your question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Notes and memoranda addressed to the Governor and maintained in his possession would likely be exempt from disclosure, i.e., they would not be obtainable from the Governor's office. See generally Op. Att'y Gen. Nos.95-128 at n. 1 and 92-346. But such records would be subject to inspection if in the possession of another public agency or employee as to whom no exemption applies. Op. Att'y Gen. 95-128 at n. 1. Apparently, the Governor is not contending in this instance that the documents are exempt as "memoranda" or "correspondence" of the Governor. Assuming, however, that the "memoranda" or "correspondence" exemption somehow applies to the documents in question when in the Governor's possession, there is no similar exemption for the DFA. Documents generated by those at the DFA who man the hotline would thus be subject to inspection and copying in response to a FOIA request directed to DFA.