The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, AR 71635-1695
Dear Senator Jeffress:
You have requested an Attorney General opinion concerning the release of certain records and information under the Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 et seq.). I am issuing the following opinion in response to your request.
Your specific question is:
 Does the Arkansas Freedom of Information Act require the Employee Benefits Division of the Arkansas Department of Finance and Administration (the Division) to disclose the information listed below to the Arkansas Pharmacy Association?
The requested information is the following:
1. Rebate Component of Plan Administrative Costs
 The TOTAL AMOUNT of Drug Manufacturer's Rebate for State Fiscal Year 2001 received on account prescriptions filled through the Arkansas State Employee Benefit Plan. This total includes all funds and/or payments received from manufacturers, including those defined as "administrative fees" or otherwise and those defined as "rebates." Since all funds and/or payments for the 2001 fiscal year period probably have not been received, this total also includes any amounts that have been billed to Drug Manufacturers on account of prescriptions filled through the Arkansas State Employee Benefit Plan, which should be designated as "estimated rebates."
 The Average Rebate per Prescription. It is important to stress that rebates are reported as "per prescription" and not "per rebatable prescription."
 Whether or not, for each dollar in "collected" rebates, a percentage is withheld for administrative costs before the 80/20 split.
 Whether or not the State actually receives 80% of each dollar received from Drug Manufacturers for products dispensed under its plan.
 Whether or not the State actually receives a prorated amount of all other fees received from Drug manufacturers.
 Whether or not any rebates paid to the State's consultant are deducted before calculating the State's share.
 2. Verification of Participation of Arkansas Pharmacies and/or Pharmacists
 Copies of the list of all Arkansas pharmacies and/or pharmacists that have agreed to participate in the proposed APN Performance Network.
 Copies of contracts signed by such pharmacies and/or pharmacists verifying their agreement to participate in the proposed APN Performance Network.
 Copies of all promotional materials, solicitations, and correspondence sent to Arkansas pharmacies and/or pharmacists regarding the proposed APN Performance Network.
 Copies of any records that indicate the dates the above-referenced promotional materials were sent.
RESPONSE
Request No. 1 ("Rebate Component of Plan Administrative Costs")
All of the requests listed under the heading "Rebate Component of Plan Administrative Costs" are requests for information, rather than requests for records. The FOIA requires access to records, rather than toinformation. Indeed, the FOIA specifically provides that entitles that are subject to the Act are not required to compile information, or create records in response to a request. A.C.A. § 25-19-105(d)(2)(C). Therefore, the Division is not required by the FOIA to compile the information requested under the heading "Rebate Component of Plan Administrative Costs," or to create records reflecting this information.
However, if the Division has in its possession records that reflect the information requested, it must make them available if the records are notexempt from disclosure. You state that the requested information does not pertain to any detail of specific contracts with pharmaceutical manufacturers or consultants. The Division, however, has declined to respond to the request, on the grounds that the information requested is proprietary. (I take this assertion to be a claim of exemption under A.C.A. § 25-19-105(b)(9)(A) (exempting "[f]iles which, if disclosed, would give advantage to competitors or bidders").
The question of whether particular records fall within an exemption from disclosure is a question of fact that must be determined in the first instance by the custodian of the records. I have not been provided with any copies of the records in question and therefore am not in a position to evaluate the custodian's determination that the information is proprietary. If the requesters believe that the Division is incorrect in its assertion of this exemption, their recourse is to petition the circuit court for a determination of the matter. A.C.A. § 25-19-107.
Request No. 2 ("Verification of Participation of Arkansas Pharmaciesand/or Pharmacists")
Request No. 2 is a request for records (as opposed to a request for information), as permitted by the FOIA. You state that these records were not requested in the context of a competitive bid, but rather, in the context of a proposed agency rule change with regard to the way pharmacy benefits are provided to state employees and teachers. The Division declined to provide the requested records on the grounds that they are proprietary.
Again, because I have not been provided with an opportunity to review the requested records, I am not in a position to determine whether the Division's assertion of an exemption is well founded. If the requesters believe that it is not well founded, their recourse is to the circuit court.
I recognize the importance of the public's access to records containing information that is pertinent to a proposed agency rule, and I note in this regard that the Arkansas Supreme Court has stated that the FOIA should be liberally construed in favor of disclosure, while its exemptions should be narrowly construed. Bryant v. Mars, 309 Ark. 480,830 S.W.2d 869 (1992).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh