The Honorable Sam Ledbetter State Representative 324 Charles Street Little Rock, AR 72205-4304
Dear Representative Ledbetter:
I am writing in response to your request for an opinion on whether the following information is exempt from public inspection and copying under the Arkansas Freedom of Information Act ("FOIA," A.C.A. § 25-19-105 etseq.):
 1. E-mails between the governor or his staff and employees of other state agencies;
 2. The governor's calendar or schedule, both as to future of past events;
 3. The sign in sheet or guest log maintained by the governor's office in the governor's reception area; and
 4. Calendars, schedules or meeting logs maintained by employees of the governor's office.
You state that it is your understanding that this information has been withheld from production pursuant to A.C.A. § 25-19-105(b)(7), which exempts from public disclosure "[u]npublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, Court of Appeals Judges, and the Attorney General[.]"
RESPONSE
It is my opinion in response to your first question that these records will be shielded from public inspection under A.C.A. § 25-19-105(b)(7) when in the hands of the Governor or members of his staff. With regard to your remaining questions, it is my opinion that the exemption under §25-19-107(b)(7) also extends, as a general matter, to records containing this information.
First, regarding e-mails, it seems clear as a general matter that an electronically stored e-mail message is properly viewed as "correspondence." Cf. Op. Att'y Gen. 99-018 (addressing the FOIA's open meeting requirement). Section 25-19-105(b)(7), supra, is therefore the relevant FOIA provision when addressing this question regarding e-mails between the Governor or his staff and other state agency employees. In this regard, the exemption under subsection (b)(7) for "correspondence of the Governor" has been held to apply not only to documents created by the Governor, but also to records in his possession received from other parties. As stated in Attorney General Opinion No. 92-346 with regard to the "correspondence" portion of the exemption:
 It thus appears that the exception for `correspondence of' the named officials . . . includes both copies of letters that the officials have written to others, as well as letters received by the officials. [Bryant v. Mars, 309 Ark. 480, 830 S.W.2d 869 (1992)] indicates that any question in this area has been resolved in favor of applying the exemption to both copies of letters written by the Governor (and other named officials) and letters written to him. As a general matter, therefore, it is my opinion that the letters written to the Governor would be exempt from disclosure under the FOIA.
See also Op. Att'y. Gen. 93-166 (stating that "[t]he exemption under25-19-105(b)(7) for "correspondence of" the named officials may, in my opinion, reasonably be construed to encompass letters received by those officials and copies of letters written by them.")
Following this analysis, I conclude that e-mails sent to the Governor or to members of his staff and copies of e-mails that are sent by the Governor or his staff are generally not obtainable from the Governor's office.[1] It should be noted, however, that the exemption generally applies only to e-mails in the hands of the Governor or his staff. E-mails between the Governor or his staff and employees of other state agencies not mentioned in § 25-19-105(b)(7) are not exempt in the hands of the other state employees, unless a separate exemption applies. Seegenerally Op. Att'y Gen. Nos. 2002-228, 95-128, 93-166.
With regard to your other three questions, although I concur with my predecessors that the exemption under § 25-19-105(b)(7) does not encompass every document possessed by the Governor's office (see Op. Att'y Gen. Nos. 2002-228 and 98-234), it is my opinion that the records listed under these questions are likely covered as "unpublished memoranda" or "working papers" of the Governor and his staff.[2] These records relating to the Governor's activities and the operations of his office would appear to fall squarely within the Governor's purview, and as such I conclude that they are properly viewed as falling within the exemption. See generally
Op. Att'y Gen. 2002-228.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Section 25-19-105(b)(7) applies to the Governor's staff, according to the Arkansas Supreme Court's interpretation of the exemption in Bryantv. Mars, supra. See also Op. Att'y Gen. 97-369 and J. Watkins, TheArkansas Freedom of Information Act 110 (mm Press 3rd ed. 1998).
[2] Although you have asked whether this "information" is exempt under the FOIA, I assume that your questions are addressed to records containing the information. The FOIA does not require the compilation of information or the creation of a record to satisfy a request. A.C.A. §25-19-105(d)(2)(C).