The Honorable Jeff Wood State Representative 4097 Austin Lakes Circle Sherwood, AR 72120-8019
Dear Representative Wood:
I am writing in response to your request for an opinion on the following questions concerning the Arkansas Freedom of Information Act (A.C.A. §§ 25-19-101—109 (Repl. 2002 and Supp. 2005)):
 1. Are names and summary of communication between a Justice of the Peace (who is a member of the budget committee of the Quorum Court) and other elected official or county employees subject to Freedom of Information when the communication concerns the Sheriff's Office budget or the spending of public funds by the Sheriff?
 2. Are copies of emails, memos, phone calls or other electronic communication or a summary of the substance of the communication and name of the sender subject to Freedom of Information when the communication concerns the Sheriff's Office budget or the spending of public funds by the Sheriff?
 3. Are the names and summary of the communication between a Justice of the Peace and state supported university employees subject to Freedom of Information when the communication concerns the Sheriff's Office budget or the spending of public funds by the Sheriff for educational purposes?
 4. Are the names of auditors, auditor supervisors or other employees of Legislative Audit for the State of Arkansas and a summary of the communication with the Justice of the Peace subject to Freedom of Information when the communication concerns the Sheriff's Office budget or the spending of public funds by the Sheriff?
RESPONSE
I cannot answer these questions with any certainty without knowing the specific attendant facts and circumstances. The Arkansas Freedom of Information Act, ("FOIA"), generally requires that all public records are open to inspection and copying unless specifically exempt under the FOIA or other law. The question of whether particular records are open under the FOIA cannot satisfactorily be answered in the abstract. Accordingly, I can only point out the potentially relevant provisions of law in response to these questions.
Question 1 — Are names and summary of communication between aJustice of the Peace (who is a member of the budget committee ofthe Quorum Court) and other elected official or county employeessubject to Freedom of Information when the communication concernsthe Sheriff's Office budget or the spending of public funds bythe Sheriff?
I assume as an initial matter in addressing this, as well as your remaining questions, that the inquiry involves an existing record (or records) of the subject communication. The FOIA does not require the creation of any new records. See A.C.A. §25-19-105(d)(2)(C) ("A custodian is not required to compile information or create a record in response to a request made under this section.") Rather, it grants access to existing records, assuming that they constitute "public records" and that no exemption applies to prevent disclosure.
The FOIA provides generally as follows:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
A.C.A. § 25-19-105(a)(1)(A) (Supp. 2005).
"Public records" are defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
The Arkansas Supreme Court has identified the following general test for open records in light of these provisions:
 For a record to be subject to the FOIA and available to the public, it must be possessed by an entity covered by the act, fall within the act's definition of public record, and not be exempted by the act or other statutes.
Legislative Joint Auditing Comm. v. Woosley, 291 Ark. 89, 91,722 S.W.2d 581 (1987) (citing J. Watkins, Access to PublicRecords Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 (1984)). The definition of "public records" establishes a broad presumption in favor of disclosure, and the one claiming an exemption has the burden of justifying nondisclosure. Gannett River States Pub. v. Arkansas Indus. Dev.Comm'n, 303 Ark. 684, 799 S.W.2d 543 (1990).
With regard, therefore, to your question concerning "names and summary of communication," assuming that the record(s) containing this information are possessed by an entity covered by the FOIA, the issue will turn on whether they fall within the FOIA's definition of "public records" and whether any exemption prevents their disclosure. I lack sufficient facts to address these matters in any detail. It seems reasonable to surmise that records of communications between county officials and employees concerning a sheriff's office budget and spending by a sheriff would constitute "public records." But I cannot definitively opine to this effect in the abstract. Similarly, with regard to any possible exemptions from disclosure once it is established that the records are "public records," the factual nature of the inquiry prevents any extensive discussion in this opinion. Reference should be made to subsection 25-19-105(b), which sets out the various exemptions from disclosure under the FOIA, including the law enforcement investigation exemption (id. at (b)(6)), the working papers exemption for, inter alia, members of the General Assembly (id. at (b)(7)), the personnel records exemption (id. at (b)(12)), and the exemption for home addresses of, inter alia, non-elected state employees.
I lack sufficient information to know whether any of the particular exemptions under the FOIA apply with respect to the communication at issue. Nor do I have sufficient facts to apply the so-called "catchall" exemption under subsection25-19-105(a)(1)(A), supra, for "laws specifically enacted to provide otherwise." One specific exemption that may bear mentioning, however, in light of your fourth question's reference to "Legislative Audit," is the law pertaining to the Division of Legislative Audit, found at A.C.A. § 10-4-422 (Supp. 2005). This statute addresses the public nature of certain documents maintained by the Division. The specific exemption states:
 All working papers, including communications, notes, memoranda, preliminary drafts of audit reports, and other data gathered in the preparation of audit reports by the division are exempt from all provisions of the Freedom of Information Act of 1967, § 25-19-101 et seq., and are not to be considered public documents for purposes of inspection or copying under the Freedom of Information Act of 1967, or any other law of the State of Arkansas, except as provided in this subsection.
Id. at (c)(1).
I do not know whether any of your questions implicate this exemption, but it may be helpful to further explain that the Division of Legislative Audit is headed by the "Legislative Auditor" (see A.C.A. § 10-4-401(b) (Supp. 2005)), who has access to records of the state and political subdivisions of the state pursuant to A.C.A. § 10-4-416, which provides in relevant part:
 The Legislative Auditor and authorized employees of the Division of Legislative Audit shall have access at all times to any books, accounts, reports, electronic data, vouchers, or other records, confidential or otherwise, of any entity of the state or political subdivision of the state that are deemed necessary to audit transactions related to public funds.
A.C.A. § 10-4-416(a)(1) (Supp. 2005).
The Auditor therefore has access to records for "audit" purposes. The term "audit" is defined as follows:
 "Audit" means a financial audit, performance audit, information technology audit, review, report of agreed-upon procedures, compilation, examination, investigation, or other report or procedure approved by the Legislative Joint Auditing Committee for an entity of the state or a political subdivision of the state[.]
A.C.A. § 10-4-402(a)(1) (Supp. 2005).
Subsection 10-4-422(c)(1), supra, clearly constitutes a law "specifically enacted to provide otherwise," as contemplated by the FOIA's "catchall" exemption (A.C.A. § 25-19-105(a)(1)(A),supra). As a final matter in considering this exemption, however, it should be noted that provision is made for public disclosure of records after an audit has been presented to the Legislative Joint Auditing Committee. Subsection 10-4-422(c)(2) states:
 After any audit report has been presented to members of the Legislative Joint Auditing Committee, the audit report and copies of any documents contained in the working papers of the division shall be open to public inspection, except documents specifically exempted from disclosure under the Freedom of Information Act of 1967, unsubstantiated allegations obtained in complying with the provisions of the American Institute of Certified Public Accountants' Statement on Auditing Standards Number 99 or other professional guidelines regarding the detection of fraud, and documents which disclose auditing procedures and techniques as defined in subdivision (c)(3) of this section.
A.C.A. § 10-4-422(c)(2) (Supp. 2005).
Audit reports and documents contained in the working papers of the Division are therefore rendered public documents after the report has been presented to the Legislative Joint Auditing Committee, unless the documents are 1) "specifically exempted" under the FOIA; 2) "unsubstantiated allegations" obtained in complying with the referenced auditing statement; or 3) would disclose auditing procedures and techniques.
As with other potential exemptions from public disclosure of records pursuant to the FOIA, subsection 10-4-422 can only be applied with reference to particular facts and circumstances.
Question 2 — Are copies of emails, memos, phone calls or otherelectronic communication or a summary of the substance of thecommunication and name of the sender subject to Freedom ofInformation when the communication concerns the Sheriff's Officebudget or the spending of public funds by the Sheriff?
See response to Question One. The same analysis would generally apply, in my opinion, with regard to these particular forms of communication, given the FOIA's broad definition of "public records." A.C.A. § 25-19-103(5)(A), supra.
Question 3 — Are the names and summary of the communicationbetween a Justice of the Peace and state supported universityemployees subject to Freedom of Information when thecommunication concerns the Sheriff's Office budget or thespending of public funds by the Sheriff for educationalpurposes?
See response to Questions 2 and 3. The analysis should not differ markedly based simply upon the fact that the communication involves state university employees.
Question 4 — Are the names of auditors, auditor supervisors orother employees of Legislative Audit for the State of Arkansasand a summary of the communication with the Justice of the Peacesubject to Freedom of Information when the communication concernsthe Sheriff's Office budget or the spending of public funds bythe Sheriff?
This question more clearly implicates A.C.A. § 10-4-422, supra,
although no definitive opinion is possible in the absence of more facts. It should be initially noted that there is no general exemption under this statute for records containing the names of Legislative Audit personnel. The threshold inquiry, instead, is whether the record of the communication, which presumably includes the names, falls within subsection 10-4-422(c), supra,
pertaining to "working papers, including communications, notes, memoranda, preliminary drafts of audit reports, and other data gathered in the preparation of audit reports by the division. . . ." If so, the test for disclosure, which is set out above in response to Question One, must be met before the record may be released, i.e., the document must not be 1) "specifically exempted" under the FOIA[1] or 2) "unsubstantiated allegations" obtained in complying with Auditing Standards Number 99; or 3) disclose auditing procedures and techniques.
In conclusion, the questions you have posed require an analysis of the particular attendant facts and circumstances. Consequently, I am unable to offer any definitive opinion. The foregoing will hopefully be of assistance, however, in assessing the situation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
 MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Two particular exemptions that bear mentioning in this regard are the ones pertaining to "personnel records" and "employee evaluation/job performance records." A.C.A. §25-19-105(b)(12) and (c)(1). If any of the records in question fall within the Legislative Audit exemption (A.C.A. § 10-4-422), but are also exempt under subsections 25-19-105(b)(12) and (c)(1), they will remain closed after Legislative Audit completes its audit report. See, e.g., Op. Att'y Gen. 2004-280 (regarding Legislative Audit's review of several areas of operation of the Arkansas Department of Health and employee grievances obtained in connection therewith).