CLIFF HOOFMAN, Justice, dissenting. I must respectfully dissent. The majority’s decision has the effect of requiring the disclosure of the home address of every resident of every community of this state who subscribes to the services of any public utility (water, sewer, cable television, electricity, solid waste, and recycling services, etc.). I do not believe that the legislature intended such a result. Personal information such as a ratepayer’s home address or phone number has no relation to the stated purpose of the Freedom of Information Act (FOIA), which is to make it possible for electors “to learn and to report fully the activities of their public officials.” Ark.Code Ann. § 25-19-102 (Repl.2002). While I recognize that the FOIA is broadly construed in favor of disclosure and that exceptions to the Act are narrowly construed, we have also stated that “we will balance the laudable interest in favor of disclosure with the intent of the General Assembly and do so with a common sense approach.” Byrne v. Eagle, 319 Ark. 587, 590, 892 S.W.2d 487, 488 (1995); see also Sebastian Cnty. Chapter of the Am. Red Cross v. Weatherford, 311 Ark. 656, 846 S.W.2d 641 (1993); Bryant v. Mars, 309 Ark. 480, 830 S.W.2d 869 (1992). Given that the General Assembly exempted from disclosure the personal contact information of employees of these public utilities, pursuant to Ark.Code Ann. § 25-19 — 105(b)(13) (Supp.2013), it defies logic and common sense to conclude that this same information concerning a public utility’s private customers was intended to be disclosed under the Act. These customers often are required to subscribe to the services of such utilities in order to be a resident of that community and |14thus would have no choice but to have their private contact information disclosed. The legislature surely did not foresee such an absurd result and therefore saw no need to enact a specific exception for the utilities’ customers, as it did for the utilities’ employees. Thus, I would affirm the circuit court’s order.