**Gordon H. WILSON, Acting Director, Bureau of Audit and Control, Government of the Virgin Islands, Petitioner/Appellee,**

v.

**DAILY NEWS OF THE VIRGIN ISLANDS, Bernetia Akin, Reporter, Respondents/Appellants.**

No. 88–3098.

United States Court of Appeals, Third Circuit.

Argued April 25, 1989.

Decided Aug. 7, 1989.

Adriane J. Dudley (argued), Elizabeth A. Clark, St. Thomas, Virgin Islands, for Daily News of the Virgin Islands and Bernetia Akin, Reporter, respondents/appellants.

Roy E. Parrott (argued), Asst. Atty. Gen., Godfrey R. de Castro, Atty. Gen., Dept. of Justice, St. Thomas, Virgin Islands, for Gordon H. Wilson, petitioner/appellee.

Before HUTCHINSON, COWEN, and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

The Daily News of the Virgin Islands ("Daily News") has appealed the district court's order dated January 25, 1988, which denied summary judgment to the Daily News, granted summary judgment to Petitioner/Appellee Gordon H. Wilson, the Acting Director of the Virgin Islands Bureau of Audit Control ("Government"), and permanently enjoined the Daily News from inspecting various audit reports. A timely notice of appeal was filed on February 9, 1988 giving this court jurisdiction under 28 U.S.C. § 1291. We reverse.

### I.

The Daily News sought to inspect seventeen audit reports allegedly prepared by the Virgin Islands Bureau of Audit Control pursuant to the Virgin Islands Public Records Statute, 3 V.I.C. §§ 881 et seq. That statute provides a right to examine and copy all public records unless the legislature has declared the particular record to be confidential.[1]

On October 8, 1985, Bernetia Akin, a reporter for the Daily News, wrote to Gordon Wilson, the Acting Director of the Bureau of Audit and Control and requested copies of seventeen specific audit reports completed by the Bureau in its fiscal year 1985. Wilson responded to this request by commencing an action in the District Court of the Virgin Islands, seeking a permanent injunction which would restrain the Daily News from examining the requested reports.

Before the district court, the Government successfully resisted the Daily News' ef-

---

[1]. The Virgin Islands Public Records Statute provides among other things, that:

Every citizen of this Territory shall have the right to examine all public records and to copy such records, and the news media may publish such records, unless some other provision of the Code expressly limits such right or requires such records to be kept secret or confidential....

3 V.I.C. § 881(b).

forts. The Government argued that the audit reports were confidential and thus, under the exception provided in the statute, could not be examined. The Government's action seeking an injunction was predicated on 3 V.I.C. § 881(h) which states:

> In accordance with the rules of civil procedure the district court may grant an injunction restraining the examination (including copying) of a specific public record, *if the petition supported by affidavit shows and if the court finds that such examination would clearly not be in the public interest and would substantially and irreparably injure any person or persons.* The district court shall take into account the policy of this chapter that free and open examination of public records is generally in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others. Such injunction shall be subject to the rules of civil procedure except that the court in its discretion may waive bond. Reasonable delay by any person in permitting the examination of a record in order to seek an injunction under this section is not a violation of this chapter, if such person believes in good faith that he is entitled to an injunction restraining the examination of such record.

(emphasis added).

In petitioning for an injunction in this case, the Government did not support its petition by filing an affidavit as required by the statute. Instead, the Government filed a verified complaint which failed to disclose the confidential nature of the audit reports. (A. 5). The complaint merely quoted a paragraph of 3 V.I.C. § 1202[2] pertaining to "audit data" (as distinct from "audit reports)" and sought an injunction pursuant to § 881(h).

The Daily News argued that the § 1202 does not restrict access to audit *reports*, it only restricts access to audit *data*. The Daily News supported this argument by arguing that paragraph (a) of § 1202, which sets forth the confidentiality of audit data does not mention audit reports, while paragraph (b) of the statute, which sets forth the retention requirements, does. The Daily News further argued that since the legislature expressed a distinction between these two types of information, only audit *data* and not audit *reports* were confidential.

The district court ordered the government to submit all seventeen audit reports for *in camera* examination, but the court reviewed only eight. The Bureau of Audit and Control represented to the district court that there were no audit reports for the other nine reports requested by the Daily News.[3] This representation does not appear of record. Thus, it is not known whether the Bureau's representation was in the form of an affidavit.

---

**2.** 3 V.I.C. § 1202 provides that:

(a) *Audit data* will be considered confidential information and will be distributed only to those officials directly responsible for taking action on the audit recommendations. Any unauthorized disclosure of audit information shall be subject to all laws applicable in such cases.

(b) *Audit reports* will be kept by the Audit Bureau for a period not less than five years or until all findings have been cleared or otherwise settled to the satisfaction of the Inspector General.

(emphasis added)

**3.** The reports examined by the district court were: (1) Police Report Policy Athletic League, (2) Audit Report Collector No. 25 Public Works, (3) Audit Report—Review of Financial Report, (4) Audit Report—Review of Martin Assoc., Inc., (5) Audit Report Financial statements Messer's Inc., (6) Single Audit Report of Federally Assist-

ed Prog., (7) Report of Examination Govt. of the V.I., and (8) Audit Report—Public Works Collector 74. (A. 23).

The reports requested by the Daily News, but not submitted to the district court on the basis of the representation that no such audit reports existed were: Analysis of U.S. Customs Collections—V.I. Port Authority; Pre-Audit of Greenage invoices for the Department of Commerce; Review of Proposed Rulings on the Bureau of Alcohol, Tobacco and Firearms Notices 557 & 558; Review of Real Property Tax Appeals to determine if prior year assessments had been paid; Preparation of Statement of Proof Gallons Shipped, withdrawn Excise Taxes Collected & Status of monies advanced by the U.S. Treasury; Review and follow up on 1984 Appropriation and outstanding Encumbrances; Participation with special investigation on survey of Government cars; Police Athletic League of St. Croix, Department of Public Safety; V.I. Eastern Caribbean Friendship Week.

The district court issued its order dated January 25, 1988, which denied the motion of the Daily News to dismiss the Government's complaint and granted summary judgment to the Government "permanently enjoin[ing] the Daily News from examining certain audit reports, to wit [the eight audit reports listed in note 3, *supra* ]." The district court noted in a footnote that two of the reports were prepared by a private accounting firm but that it could perceive of no reason why the confidentiality requirements should not apply equally to them.

The Daily News appealed. Our standard for reviewing disputes involving statutory construction is plenary.

## II.

█ The Virgin Islands Bureau of Audit and Control is empowered to conduct audits of any Government department or instrumentality, including the legislative and judicial branches. 3 V.I.C. § 1201(c). The audit reports prepared by the Bureau of Audit and Control constitute records belonging to the Territory and are, therefore, public records subject to examination by the media pursuant to 3 V.I.C. § 881(b) unless they are held to be exempt from disclosure by statute (*see, e.g.,* 3 V.I.C. § 881(g)) or unless disclosure is enjoined by the court (*see* 3 V.I.C. § 881(h)).

The Daily News argues with force that "audit data", which is indisputably confidential under § 1202(a) is distinguishable from "audit reports," which are not mentioned in § 1202(a) at all.[4] The Daily News contends that since § 1202(b) specifically refers to audit reports, and does not refer to audit data, that clearly the legislature intended that the one was distinct from the other, and that by classifying only audit *data* as confidential, the legislature intended that audit *reports* be open to the press and public.[5]

In support of this argument, the Daily News calls our attention to a number of cases which are claimed to be similar or analogous to the case which we address today. We have looked closely at these cases, and not surprisingly because they are concerned with different statutes in different settings, we have concluded that they are of little assistance in resolving the issue before us. In *Reagan Bush Committee v. Federal Election Commission,* 525 F.Supp. 1330, 1339 (D.D.C.1981), the question, inter alia, was whether the Reagan Bush Committee could prevent the Election Commission from disclosing an audit report. The district court held that the audit reports in question there were not "conciliation attempts" made as part of enforcement proceedings and were therefore not to be treated as confidential material under 2 U.S.C. § 437g(a)(4)(B)(i) and § 437g(a)(12)(A) (information not to be made public without consent of the Commission or person investigated.) In *Legislative Joint Auditing Committee v. Woosley,* 291 Ark. 89, 722 S.W.2d 581 (1987) the Arkansas Supreme Court ruled that an auditor's working papers were disclosable under the Arkansas Freedom of Information Act. In *United States v. Exxon Corp.,* 87 F.R.D. 624 (D.D.C.1980) the district court, in the face of Department of Energy claims of privilege, upheld Exxon's entitlement to discovery of various audit files maintained by the Department, subject only to Freedom of Information Act strictures.

Undoubtedly, because of the lack of decisional law bearing on the issue of *"data* versus *report"* confidentiality, both the Daily News and the Government seek to bolster their respective positions by referring us to the legislative history of the statutes in question. However, resort to the legislative history as an aid to resolve this dispute has proved no more helpful than the case law to which the parties have cited us. We have examined the transcripts of the Virgin Islands legislature,

**4.** The Government contended in its trial memorandum (A. 16) and in its brief on appeal (Br. of Appellee at 6) that "audit data" is indistinguishable from "audit reports." However, the Government, which bears the burden of proof

as petitioner, has provided no basis in the record for this assertion.

**5.** The full text of 3 V.I.C. § 1202 is reproduced in note 2, *supra.*

bearing on the debate and enactment of the statutes at issue here, but that endeavor was no more helpful than the authorities discussed above.

Thus, we are remitted to the plain language and meaning of the statute, 3 V.I.C. § 1202, because "[i]nterpretation of a statute must begin with the statute's language." *Mallard v. United States District Court for the Southern District of Iowa*, —— U.S. ——, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989). If the language is unambiguous we are instructed that the plain meaning of the statute should be given full effect, and that accordingly the legislative history is irrelevant. *Davis v. Michigan Department of Treasury*, —— U.S. ——, 109 S.Ct. 1500, 1504 n. 3, 103 L.Ed.2d 891 (1989). This is so, particularly where such a literal reading does not compel an odd result, as it does not here. *Cf Public Citizen v. United States Department of Justice*, —— U.S. ——, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989).

■ The literal text of 3 V.I.C. § 1202 makes plain that the legislature intended to preserve as confidential only the raw data, i.e. "audit data" which forms the basis of an audit report. This is demonstrated by the legislature's division of the statute, 3 V.I.C. § 1202, into two parts, (a) and (b). The legislature was careful to separate audit *reports* which are not preserved as confidential and which are referenced in 3 V.I.C. § 1202(b), from audit *data* which as noted, is classified confidential and which is unambiguously referenced in 3 V.I.C. § 1202(a).

While in the absence of some legislative expression we cannot ascribe a particular purpose to the legislature for establishing this division, it is not illogical or irrational that concerns which might be implicated by a disclosure of audit data may not be implicated once a final audit report is produced. We need not dwell on this point, however, because it is evident to us that if the legislature had desired to make audit reports as confidential as audit data, it could simply have done so. Indeed, it can do so at any time that it desires, but obviously such prospective action, if ever it takes place, can have no bearing on our present resolution of this appeal.

A.

As previously noted in note 1, *supra*, the stated policy of the Virgin Islands Public Records Statute is that all government documents should be open to public inspection.

(b) Every citizen of this Territory shall have the right to examine all public records and to copy such records, and the news media may publish such records, unless some other provision of the Code expressly limits such right or requires such records to be kept secret or confidential. . . .

3 V.I.C. § 881(b)

The breadth of this provision which establishes access to public records, is limited by ten express exemptions found in 3 V.I.C. § 881(g).[6] That section of the stat-

---

**6.** 3 V.I.C. § 881(g) states:

The following public records shall be kept confidential, unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release information:

1. Personal information in records, regarding a student, prospective student, or former students of a public or nonpublic school or education institution maintaining such records.

2. Hospital records and medical records of the condition, diagnosis, care or treatment of a patient or former patient, including outpatients.

3. Trade secrets which are recognized and protected as such by law.

4. Records which represent and constitute the work product of an attorney, which are related to litigation or claim made by or against a public body.

5. Peace officers investigative reports, except where disclosure is authorized elsewhere in this Code.

6. Reports to governmental agencies which, if released, would give advantage to competitors and serve no public purpose.

7. Appraisals or appraisal information concerning the purchase of real or personal property for public purposes, prior to public announcement of a project.

8. Information regarding negotiations with a prospective beneficiary for investment incentive benefits.

9. Criminal identification files of the U.S. Virgin Islands Police Department (V.I.P.D.). However, records of current and prior arrests shall be public records.

ute defines different types of public records which "shall be kept confidential ..." and which thus fall outside of the access provisions of § 881(b). It is significant that audit reports as referred to in 3 V.I.C. § 1202(b) are *not included* in the exemptions found in 3 V.I.C. § 881(g).

Thus, our reading of 3 V.I.C. § 1202 that "audit data" is confidential and "audit reports" are not, is borne out by the legislature's decision not to include "audit reports" among those public records which are exempt from disclosure. We therefore hold that the audit reports to which 3 V.I.C. § 1202(b) refers, are not to be considered confidential, and therefore neither the public nor the press can be denied the right to inspect such reports unless of course an injunction in compliance with the express provisions of § 881(h) is granted. We turn to that issue next.[7]

### III.

■ Section 881(h) provides that if the district court finds that an examination of a specific public record "would clearly not be in the public interest and would substantially and irreparably injure any person or persons", the district court may issue an injunction "restraining the examination" of that record. Any injunction issued under § 881(h) must be in accordance with the Federal Rules of Civil Procedure. Hence, by the enactment of § 881(h) the Virgin Islands legislature has provided, in addition to the various statutory exemptions found in § 881(g) and § 1202(a), a judicial exemption to the right of access to public records. However, in doing so, the legislature has circumscribed the manner by which such exemption can be exercised.

The statute is clear that a district court may restrain the examination and copying

of specific public records, but it may do so only if the petitioner's affidavit shows, and the court finds, that the examination would clearly not be in the public interest and would substantially and irreparably injure any person or persons. In making that determination, the district court must consider the Virgin Islands policy that "free and open examination of records" is generally in the public interest. *See* 3 V.I.C. § 881(h).

Moreover, no such injunction may be entered unless the petitioner and the court have complied with the Federal Rules of Civil Procedure. The Rules of Civil Procedure, which are binding in the Virgin Islands (Rev.Org.Act § 25) prescribe, among other things, that every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; and shall describe in reasonable detail, and not make reference to the complaint or other documents, the act or acts sought to be restrained (Fed.R.Civ.P. 65(d)). The Rules further provide that the district court shall set forth the findings of fact and conclusions of law which constitute the grounds of its action. (Fed.R.Civ.P. 52(a)). These requirements are essentially the same as the requirements of 3 V.I.C. § 881(h). That statute requires that a sworn affidavit demonstrate, and that the court find, that examination of the public record is not in the public interest, and would cause substantial or irreparable injury.

Thus, in order to issue an injunction which restrains the examination of a public record which is not otherwise statutorily exempt from examination, the district court must make the required findings based on evidence or affidavits and must also set forth its conclusions of law. In this case the district court did not. Its January 25, 1988 order reads in relevant part:

---

10. Personal information in confidential personnel records of the Division of Personnel or other department or agency where same may be kept.

7. 3 V.I.C. § 881(h) requires particular findings by the district court as to public interest and irreparable injury before an injunction may issue. It is not apparent by the terms of § 881(h) that a statutory exemption may be enforced without such findings. We therefore deem the

legislature to have intended that statutory exemptions such as those catalogued in § 881(g) and § 1202(a) may be enforced by injunction without express findings of public interest and irreparable injury. If it were otherwise, the enforcement of a statutory exemption would be left in doubt. We discuss the requirements for an injunction under 3 V.I.C. § 881(h), in part III of this opinion.

The Court having conducted an *in camera* examination of the requested audit reports, and having concluded that the reports contain confidential data, namely financial records, within the purview of 3 V.I.C. § 1202(a) (Supp.1986), ...

[IT IS] FURTHER ORDERED that the motion of Petitioner, the Bureau of Audit and Control of the Government of the Virgin Islands, for summary judgment to permanently enjoin the Daily News from examining certain audit reports, to-wit: (1) Police Report Police Athletic League, (2) Audit Report Collector No. 25 Public Works, (3) Audit Report—Review of Financial Report, (4) Audit Report—Review of Martin Assoc., Inc., (5) Audit Report—Financial statements Messr's Inc., (6) Single Audit Report of Federally Assisted Prog., (7) Report of Examination Govt. of the V.I., and (8) Audit Report—Public Works Collector 74, be and the same is, hereby GRANTED.

(A. 23–24) (Footnotes omitted).

As we have earlier observed, no affidavit had ever been submitted by the Government, let alone an affidavit from which injury to any person or to the public interest could be found. Indeed, the court's order is completely silent as to why disclosure of the audit reports would "clearly not be in the public interest" and why disclosure of the audit reports "would substantially and irreparably injure any person or persons." *See* 3 V.I.C. § 881(h). Nor is any indication given in the court's order that the district court had taken into account the legislature's policy that "free and open examination of public records is generally in the public interest, even though such examination may cause inconvenience or embarrassment to public officials." *Id.*

The closest that the Government has even come to complying with the requirements of 3 V.I.C. § 881(h) is its recitation in the fourth paragraph of its verified complaint, which reads as follows:

4. Title 3 V.I.C. § 1202 (Act 4703) provides that:

(a) Audit data will be considered confidential information and will be distributed only to those officials directly responsible for taking action on the audit recommendations. Any unauthorized disclosure of audit information shall be subject to all laws applicable in such cases.

The complaint is utterly barren with reference to the subject of audit reports. No facts appear of record establishing what such reports do, or do not, cover. Nor do any facts appear setting forth what information is, or is not, contained within them. To the contrary, the Government's complaint is silent as to audit reports in general and in particular.

Based on the record before us, where the Government has the burden of establishing a § 881(h) audit report exemption to the declared legislative policy of free and open examination of public records, it is strikingly evident that the Government has not complied with the dictates of the statute and the Rules of Civil Procedure, nor has it satisfied its burden. Just as we have determined that no statutory exemption prevents the disclosure of the audit reports sought by the Daily News (see Part II, *supra*), so too do we hold that on the record before us no judicial exemption could be justified and that therefore the injunction entered by the district court, pursuant to 3 V.I.C. § 881(h), must necessarily be vacated.

## IV.

We have concluded that 3 V.I.C. § 1202(b) does not permit audit reports to be classified as confidential. We have also concluded that on a proper record developed in compliance with the Federal Rules of Civil Procedure and the requirements of 3 V.I.C. § 881(h), an audit report may be exempt from disclosure if the required findings based on competent affidavits demonstrate that an examination of such report would clearly not be in the public interest and would substantially and irreparably injure any person or persons. The present record does not satisfy these requirements.

We will therefore reverse the order of the district court dated January 25, 1988, vacate the January 25, 1988 injunction and

direct the district court to enter judgment for the respondent/appellants. Costs will be taxed against the Government.