Ms. Shayne King Human Resources Director City of Bryant 210 S.W. 3rd Street Bryant, Arkansas 72022
Dear Ms. King:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for a sixth opinion in a series of opinion requests relating to the public nature, under the "Arkansas Freedom of Information Act" ("FOIA"), of certain employment records pertaining to the Bryant Fire Department. See also, Ops. Att'y Gen. 2008-058; 2008-064; 2008-065; 2008-066; and 2008-077. In this latest request, you state that you are the Personnel Director and custodian of personnel records for the City of Bryant and you have enclosed a substantial number of documents for my review and opinion under the FOIA. As background for your latest request, you state the following:
In late February, 2008, I received written complaints from three (3) firefighters concerning alleged misconduct by the City's fire chief. . . . I began investigating the complaints and during the process, I interviewed the complainants, the fire chief, and witnesses and verified objective information obtained from various documents. The interviews were tape-recorded and transcribed. During the course of my investigation, the original three (3) complainants and two (2) other firefighters filed more complaints[1] and I incorporated those complaints into the scope of my investigation. All of the complaints were unsolicited. The investigation did not result in any disciplinary action.
You state that you have received an FOIA request for "all materials and information" in the investigative file. . . ." You state that the request has been made by one of the firefighters that you interviewed during the course of the investigation.
As custodian of the records, you state that you have determined as follows:
The complaints constitute personnel records, inasmuch as they constitute unsolicited complaints made by City employees. I have determined that disclosure of the complaints would not constitute a clearly unwarranted invasion of personal privacy, given [the Chief's] . . . position with the City and the fact that the City's investigation into the complaints has received significant local media attention. . . . For this reason, it is my determination that the complaints are subject to disclosure under the Act.
The interviews conducted and documents collected during the investigation stemming from the complaints constitute job performance records, as they were created at the City's behest and document the performance of the employees with respect to specific incidents. Given the Chief's position with the City and the significant local media attention which the investigation has received, I find that a compelling public interest exists in the disclosure of this investigative file and that the interviews and documents collected during the investigation should be released. However, because no disciplinary action was taken as a result of the complaints and subsequent investigation, I have determined that the interviews and documents collected during my investigation of the complaints are not subject to disclosure under the Act.
A memorandum summary of my investigation which was prepared for the Mayor at his behest and which documents the performance of employees with respect to specific incidents also constitutes a job performance record. Although I find that a compelling public interest exists in the disclosure of this memo, I have determined that it is not subject to disclosure under the Act since no disciplinary action was taken.[2]
In light of your determinations above, you seek my opinion on four questions, as follows:
do the complaints contained in the enclosed file constitute personnel records?
if so, is there a public compelling interest in their disclosure?[3]
do the documents contained in the investigative file of said complaints constitute job performance records?
if so, are they exempt from disclosure since no disciplinary action was taken?
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the decision of the custodian is consistent with the FOIA. Strictly speaking, I am "not authorized or required to answer specific questions posed by custodians." Op. Att'y Gen. 2005-268. I will therefore state my opinion without responding specifically to your four questions above. In my opinion, your determination that the complaint documents are subject to inspection and copying is consistent with the FOIA. See Op. Att'y Gen. 2008-064. In my opinion, assuming that the interview documents were created by or at the behest of a supervisor of the Fire Chief, and/or by or at the behest of a supervisor of any other officers who were being investigated, your determination that the interview documents are not subject to release is consistent with the FOIA. Other non-interview documents contained in the investigative file, however, if not "created" by or at the behest of a supervisor in the course of evaluating or recording the job performance of individual employees, are not, in my opinion, properly classified as "employee evaluation or job performance records." These records may either be "personnel records," or simple public records subject to no exemption. Examples of such records in the investigative file at issue include newspaper articles, copies of general City policies, commendations written by citizens or other non-supervisory personnel, time sheets, and invoices. To this extent your determination is inconsistent with the FOIA. With regard to the memorandum summary of the investigation, in my opinion your determination that it is not subject to disclosure is consistent with the FOIA. One final point should be mentioned. You state that the FOIA requestor in this instance is one of the firefighters interviewed during the course of the investigation. You do not indicate which firefighter made the request, and in my opinion his or her identity is relevant only to the extent that any of the records could be considered this firefighter's own personnel records or employee evaluation or job performance records. The FOIA provides in this regard that "[a]ny personnel or evaluation records exempt from disclosure . . . shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative." A.C.A. § 25-19-105(c)(2) (Supp. 2007).
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
"Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the records were created by City officials, are kept by the City and the subject matter involves the performance of official functions, I believe the documents in question clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. 99-305: "If records fit within the definition of `public records' . . . , they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." See also, Nabholz Construction v. Contractors for Public Protection Association (Ark.Sup.Ct. 07-843, Nov. 1, 2007) (stating that "We have held that for a record to be subject to the FOIA and available to the public, it must be (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes"). See also, Arkansas Gazette Company v. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); and Legislative Joint Auditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581
(1987).
You mention two possibly applicable exemptions in this regard, the exemptions for "personnel records" (A.C.A. § 25-19-105(b)(12)), and "employee evaluation or job performance records" (A.C.A. §25-19-105(c)(1)).
The Complaints
With regard to the complaint documents, in my opinion these are properly classified as "personnel records" for purposes of the FOIA. See Op. Att'y Gen. 2008-064, issued to you on April 14, 2008. Such records are open to inspection and copying except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). In my opinion your decision to release these documents on the grounds that such release would not constitute a clearly unwarranted invasion of privacy is consistent with the FOIA. See again, Op. Att'y Gen. 2008-064.
The Investigative File
With regard to the investigative records, which contain transcribed interviews and other documents, in my opinion your decision to withhold the interview documents is consistent with the FOIA as long as the interview documents were created by or at the behest of a supervisor of the Fire Chief or any other officers being investigated. In this regard I and my predecessors have consistently opined that "employee evaluation or job performance records" are any records that were created by or at the behest of a supervisor and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See, e.g., Ops. Att'y Gen. 2007-013; 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. 2006-038; and 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004) at 196.
You state in this regard that "you began investigating" the complaints. I am uncertain, from your recitations, whether the interview documents in question were prepared at the behest of the Fire Chief's supervisor, or by the supervisor of any other officers investigated. See, e.g., Op. Att'y Gen. 2004-012 (discussing the factual issue of whether documents created by a city attorney were in fact created at the behest of the employee's supervisor, or simply on the city attorney's own initiative). If the interview documents were created at the behest of the Fire Chief's or other firefighters' supervisors, then the exemption for "employee evaluation or job performance records" is applicable to these interview documents.
As stated in Op. Att'y Gen. 2008-066, issued to you on April 15, 2008, "employee evaluation or job performance records" include records in an internal affairs file that have been generated at the behest of the employer in the course of investigating an employee's conduct. Id. See also, Op. Att'y Gen. 2007-311. Transcriptions of interviews taken under such circumstance are properly classified as "job performance records." See Ops. Att'y Gen. 2003-072; 2002-326; 2001-144; 2000-231; and 2000-174.
"Employee evaluation or job performance records" are releasable under A.C.A. § 25-19-105(c)(1) only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2007). Employee evaluation or job performance records cannot be released unless each prong of this test has been met. As has been stated many times, suspension or termination is a threshold requirement for the release of "employee evaluation or job performance records." Ops. Att'y Gen. 2008-010; 2007-025; 2006-150; 2005-267; 2001-125; and 97-189. To the extent, therefore, that no officer or employee was suspended or terminated in connection with the interview documents you enclose, your decision to withhold them from release under the FOIA is consistent with that Act.
Certain other documents contained in the investigative file, however, are not in my opinion "employee evaluation or job performance records." As I stated in Op. Att'y Gen. 2007-313:
I have consistently opined that records in an Internal Affairs file that have been generated at the behest of an employer in the course of investigating a complaint against an employee constitute "employee evaluation/job performance records" within the meaning of the FOIA. Ops. Att'y Gen. 2005-094; 2004-178; 2003-306; and 2001-063. I have also stated, however, that "any other records in the Internal Affairs file that are not employee evaluation/job performance records and that constitute `personnel records' must be evaluated under the standard of disclosability for personnel records." Op. Att'y Gen. 2003-306 at 3. Additionally, I have stated that "some of the records contained in [an] internal affairs file may not constitute either employee evaluation/job performance records or personnel records" and that "such records must be evaluated by the custodian to determine whether they are subject to other specific exemptions from disclosure." Id. at 4. Documents not created in the evaluation process do not come within the rationale behind the 25-19-105(c)(1) exemption. See Op. Att'y Gen. 2005-094. Proper classification of the records in the Internal Affairs file is therefore necessary to determine the applicable test for release of the documents.
Id. at 5, quoting Opinion 2005-267 at 5.
In addition, as I stated in Op. Att'y Gen. 2008-066, issued to you on April 15, 2008, regarding another investigative file:
The FOIA does not define "personnel records," but this office has consistently taken the position that "personnel records" are all records other than "employee evaluation and job performance records" that pertain to individual employees. See, e.g., Op. Att'y Gen. 2006-035 (and opinions cited therein). Additionally, and of particular relevance in this instance regarding the shift documents and time sheets, records such as these that relate to an internal investigation, but that were not generated at the behest of the employer in the course of investigating an employee, are not job performance or evaluation records. See generally Op. Att'y Gen. Nos. 2007-313 and 2003-313. Rather, these documents instead constitute "personnel records" of the named employees.
Id. at 5.
In my opinion, therefore, a number of documents contained in the investigative file, if they were not created by or at the behest of the employer in the course of investigating the job performance of employees, are not properly classified as "job performance records." They may be "personnel records" for purposes of the FOIA (and create no unwarranted invasion of privacy), or simple public records subject to no exemption. Examples of such records in the investigative file you have enclosed are: newspaper articles (see Op. Att'y Gen. 2001-331); general City policies (see Ops. Att'y Gen. 2002-095; 2001-142; 2000-203; and 97-063); commendations created by citizens or non-supervisory personnel (see Op. Att'y Gen. 2006-176); time sheets (see Ops. Att'y Gen.2008-066; 2007-323; 2006-177; 2003-115; 2002-238 and 2002-150); and receipts or invoices and police incident reports (see Op. Att'y Gen.2001-144). Any other documents in the investigative file that were not created by or at the behest of the employer for the purposes of documenting employee job performance should be analyzed under either the "personnel records" exemption or any other applicable exemption. Of course certain items of individual information contained within such personnel records, such as social security numbers, must be redacted before release.
The Memorandum Summary
In my opinion your determination that the memorandum summary is a "job performance record" and exempt from release is consistent with the FOIA. You state that you prepared this document at the behest of the Mayor to summarize the results of your investigation. My predecessors have concluded that similar documents are "employee evaluation or job performance records" and are not subject to release unless all the prongs of the A.C.A. § 25-19-105 (c)(1) test have been met. See, e.g., Ops. Att'y Gen. 2005-030 and 2002-237. Assuming the memorandum summary did not form a basis for any suspension or termination of the affected employees, in my opinion your decision to withhold it from inspection and copying is consistent with the FOIA.
Right of Employees to Access Their Own Records
One final point should be mentioned. You note that the FOIA requester in this instance is one of the firefighters interviewed in the course of the investigation. I am uncertain to what extent the investigative file or other documents might comprise this firefighter's own personnel or investigative records. Although I gather from your background information that the investigation focuses primarily on the Fire Chief's conduct, the investigation reportedly concerns other firefighters as well. If any of the documents can be considered the requester's own personnel or evaluation records, you should be aware of A.C.A. §25-19-105 (c)(2), which provides:
Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] You state that the five subsequent complaints were the subject of Attorney General Opinion no. 2006 [sic 2008] — 064.
[2] You note at this juncture that it is your understanding that "if a document is exempt from disclosure under the Act, then it cannot be disclosed even if the parties who created the document and the subjects of said documents agree to its release."
[3] The test for the release of "personnel records" under the FOIA is whether their release would constitute a "clearly unwarranted invasion of personal privacy," not whether there is a "compelling public interest" in their disclosure. The latter inquiry is one prong of the test for the release of "employee evaluation or job performance records." *Page 1