Mr. Rudy Moore, Jr. Attorney at Law Post Office Box 1110 Fayetteville, Arkansas 72702-1110
Dear Mr. Moore:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the Prairie Grove School Board President has correctly determined to release a copy of a letter received by him and other School Board members in response to a request under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007). Specifically, the Board has received a request from a local reporter for "a copy of the letter delivered . . . to the board members on June 5, 2008." You state that you are legal counsel for the District, and that the request involves an "unsigned letter delivered to members of the board of education. . . ." You state that "based on the return address on the envelope, together with comments in the letter itself, [the Board President] has determined that it was sent by a staff member of the Prairie Grove School District." You state that the Board President "has determined that though the letter may very well be a personnel record, it does not contain any information which would constitute a clearly unwarranted invasion of personal privacy." You state that the Board President has advised the staff member that he intends to release the letter. You have enclosed a copy of the letter for my review and ask that I make a "determination as to whether or not the letter should be released to the news media as per the FOIA request."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the custodian's decision is consistent with the FOIA. In my opinion, the custodian's tentative determination that the letter is a personnel record is consistent with the Act. In addition, in my opinion, if released, most of the contents of the letter would not give rise to a "clearly unwarranted invasion of personal privacy" for purposes of the A.C.A. § 25-19-105(b)(12) "personnel records" exemption. To that extent, the custodian's decision is consistent with the FOIA. In my opinion, however, a few minor redactions to the letter are necessary in light of that exemption.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
Given that the record is kept by the School Board, was written by a school district employee, and the subject matter involves the performance of official functions, I believe the document in question clearly qualifies as a "public record" under this definition.
As one of my predecessors noted in Op. Att'y Gen. 99-305: "If records fit within the definition of `public records'. . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." See also, Nabholz Construction v. Contractors for Public Protection Association (Ark.Sup.Ct. 07-843, Nov. 1, 2007) (stating that "[w]e have held that for a record to be subject to the FOIA and available to the public, it must be (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes"). See also, Arkansas Gazette Company v. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); and Legislative Joint Auditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581
(1987).
The pertinent exemption in this instance is the one for "personnel records," which are generally open to inspection and copying under the FOIA except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." See A.C.A. § 25-19-105(b)(12) (Supp. 2007). As stated in Op. 99-305:
 . . . The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Id. at 2-3. (Emphasis added.)
The letter you have enclosed clearly pertains to individual employees, including the author and other school district employees. The letter was delivered to elected officials who have ultimate authority over the district. I have recently opined that similar letters are properly classified as "personnel records" for purposes of the FOIA. See Op. Att'y Gen. 2008-064 (letters written by firefighters and delivered to the assistant fire chief and city alderman were "personnel records" for purposes of the FOIA).
I have considered whether the letter is instead an "employee evaluation or job performance record" for purposes of the FOIA. See A.C.A. § 25-19-105(c)(1). As I stated in Op. Att'y Gen. 2007-025, that category of documents includes "any records created by or at the behest of an employer that detail the performance or lack of performance of an employee or employees with regard to a particular incident or incidents." Id. at n. 2, citing Op. Att'y Gen. 2006-182. That category of record is subject to a different test for disclosure. See A.C.A. § 25-19-105(c)(1) (outlining that test). I and my predecessors have consistently concluded, however, that: "documents that are complaints about employees and that are unsolicited by the employer constitute personnel records, rather than employee evaluation/job performance records." See, e.g., Ops. Att'y Gen. 2008-064; 2008-004; 2006-092; 2004-348; 2003-306; 2001-028; 2000-058 and 2000-231.
In my opinion, therefore, the custodian has correctly determined that the applicable exemption to consider is the A.C.A. § 25-19-105(b)(12) exemption for "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)[12] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)[12] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. (Emphasis added).
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his privacy interests outweighed that of the public's under the circumstances presented. Id. at 313.
The first step in the analysis is thus to identify the existence or level of any privacy interest in the documents. As I recently stated: "[i]f the privacy interest is de minimus, the information is likely disclosable and that is the end of the analysis." Op. Att'y Gen.2008-058, quoting 97-286, citing Ops. Att'y Gen. 95-220; 93-131; and 90-335. See also, Wills and Walker, "Personnel Records" Under the FOIA: What Weighs in the Balance?" The Arkansas Lawyer, Vol. 39, No. 4 at 11. If a privacy interest is implicated, the level of the public's interest in the records must be gauged. The Arkansas Supreme Court has indicated that the public interest is measured by "the extent to which disclosure of the information sought would `shed light on an agency's performance of its statutory duties' or otherwise let citizens know `what their government is up to.'" Stilley v. McBride, supra, citing Department of Defense v. FLRA, 510 U.S. 487, 497 (1994)). If the public interest in this regard is substantial, it will usually outweigh any privacy interest. Young v. Rice, supra. If there is "little relevant public interest," a "not insubstantial" privacy interest is necessary to shield the records. See Stilley v. McBride, supra.
As I recently stated, "The question of whether release of any information . . . would constitute a `clearly unwarranted invasion of privacy' is a question of fact, dependent upon the actual contents of the record in question." Op. Att'y Gen. 2008-025. In this instance, you have enclosed the letter for my review.
As an initial matter, in my opinion, the school district employee's privacy interests are at least to some extent implicated by the content of the letter in question. It has been stated that in determining this "threshold question," the proper inquiry is whether the information is of a personal or intimate nature sufficient to give rise to a substantial privacy interest. Watkins and Peltz, The Arkansas Freedom of Information Act (4th Ed. m m Press 2004) at 183. In my opinion, at least some of the content of the letter could meet this standard. Although most of the letter addresses school district business, there are references in the letter to the employee's family or home life and to certain medical information.
The public's interest in the letter must therefore be gauged. In this regard, the letter addresses the conduct and official actions of school district employees with regard to personnel and financial management. The letter, in my opinion, therefore, "sheds light" on the workings of government by making the factual assertions therein, and by reflecting the concerns and attitudes of the school district employee who authored the letter. In my opinion, therefore, there is a substantial public interest in the content of the letter. Where a substantial public interest exists, it "will usually outweigh any privacy interest." Young v. Rice, supra. I cannot state, as a general matter, that the privacy interest of the school district employee rises to a level sufficient to overcome the public's interest. Again, certain "warranted invasions of privacy will be tolerated" under the FOIA (Young v. Rice, supra), and under the A.C.A. § 25-19-105(b)(12) balancing test, the "scale [is] tipped in favor of public access." Watkins and Peltz, The Arkansas Freedom of Information Act (4th Ed. m m Press 2004) at 183.
In my opinion, however, the employee's privacy interest should be protected in this instance with a few minor redactions under the "personnel records" exemption. As stated in Op. Att'y Gen. 2006-225
"[t]he proper procedure is to delete the exempt portion and provide any reasonably segregable portion of the records." In this regard, the sentence beginning in the middle of page 3, line 12 of the letter, which relates to the employee's family, should be redacted under A.C.A. §25-19-105(b)(12). In addition, the fourth sentence of the last paragraph on page 6 of the letter, through the end of that page, which discusses medical information of the author, should also be redacted under §25-19-105(b)(12).
Except for these minor redactions, the custodian's decision is in my opinion consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1