Mr. Michael Grimes, System Support/User Analyst Arkansas Department of Parks and Tourism One Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Grimes:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the custodian of records at the Arkansas Department of Parks and Tourism has correctly determined to release your employment application, with certain redactions, and copies of personal e-mails generated from your work computer at the Arkansas Department of Parks and Tourism. According to information enclosed with your request, a citizen apparently made two FOIA requests, the first of which sought all e-mails for a five-month period between you and a certain non-state employee. The custodian apparently released records to the requester in response to this request. The second FOIA request, which is at issue in this opinion, sought a copy of your ". . . emails from Jan 15, 2008-Feb 2008" "[w]ith the exclusion of work related emails." The requester also sought "a copy of [your] employment application." According to correspondence attached to your request, the custodian has determined that he "can provide a copy" of the employment application to the requester, but "will need to redact certain personal info such as address, phone number, social security number, etc." The custodian has also apparently determined that the e-mails are disclosable, stating that he would "ask the network administrator to copy to disc all the personal emails from Mr. Grimes between January 15, 2008 and February 29, 2008 and will mail the CD to [the requester] as requested." *Page 2 
You state that you deem the request "out of the scope/guidelines of act 25-19-103 and 25-19-105," citing the definition of "public records" in the FOIA.[1] You also state that "Furthermore, the information/communication that is contained within my emails, which are clearly non-work related, would provide the requester an invasion of my personal privacy" and that "[t]hose communications were between individuals that are non-state employees whom are not aware that any/all communication would be subject to public scrutiny." You then refer to the exemption for personnel records now found at A.C.A. §25-19-105(b)(12), which exempts "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether custodian's decision as to the release of personnel or evaluation records is consistent with the FOIA. In my opinion the custodian's response concerning the employment application is generally consistent with the FOIA, assuming the proper information is redacted. That issue is discussed below. With regard to the requested e-mails, I must note that I have no indication that such records are "personnel or evaluation" records for purpose of my statutory duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B). My authority under that subsection is restricted to opining on the release of "personnel or evaluation" records. In addition, my duty under A.C.A. § 25-19-105(c)(3)(A) and (B) appears restricted to opining as to whether the custodian's decision as to the exemption of records is consistent with the FOIA. It appears that in this instance, the primary issue is not whether the records are exempt from disclosure, but instead whether the e-mails come within the threshold requirement of being "public records" under the FOIA. Although in my opinion the question of release of the e-mails is thus outside my statutory mandate, I can refer you and the custodian and other interested parties to the decisions in Pulaski County v. ArkansasDemocrat Gazette, Inc., 370 Ark. 435, ___ S.W.3d ___ (2007); andPulaski County v. Arkansas Democrat Gazette, Inc., 371 Ark. 217, ___ S.W.3d ___ (2007). These cases address the issue of public employees' e-mails. I have enclosed a copy of these decisions for your information. *Page 3 
The Employment Application
It has been stated that for a record to be subject to the FOIA and available to the public, it must be: (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes. See NabholzConstruction v. Contractors for Public Protection Association
(Ark.Sup.Ct. 07-843, Nov. 1, 2007), citing Arkansas Gazette Company v.Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); and Legislative JointAuditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987).
The definition of "public records" is found at A.C.A. §25-19-103(5)(A) (Supp. 2007), as is as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
Given that the employment application is kept by a state agency in the course of state business and pertains to a state employee, I believe it clearly qualifies as a "public record" under this definition.
As I recently explained by quoting the words of one of my predecessors:
 If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law.
Op. Att'y Gen. 2005-057 at 2, quoting Op. Att'y Gen. No. 1999-305.
In my opinion the most pertinent exemption applying to the employment application is the one for "personnel records." See e.g., 2006-218; 2006-162; 95-244; *Page 4 
and 95-113 (employment applications of successful applicants are "personnel records"). The FOIA exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007).
I have summarized the test for determining the release of personnel records as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y Gen. 2004-260 at 2.
My predecessors have opined on numerous occasions that job applications of public employees are "public records," properly classified as "personnel records" and are subject to inspection and photocopying, provided that all exempt information has first been deleted. See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-218; 2006-193; 2006-162; 2002-068; 2001-368; 2001-091; 2001-080; 99-013; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-113 and 90-248. As my predecessor has stated, "educational background and work history . . . reflect job qualifications and a public interest therefore attaches to this information," and "it is not clear to one, without a review of the records, or any additional pertinent facts, how the public's interest in this information is outweighed by the individual's *Page 5 
privacy interest." Op. Att'y Gen. 2006-165 at 9-10. Nonetheless, certain information may need to be excised from employment applications prior to their release. Among the categories of exempt information to be deleted are social security numbers (Ops. Att'y Gen. Nos. 2001-203 and 99-011; 97-042); medical information and scholastic transcripts (A.C.A. §25-19-105(b)(2)), and home addresses (exempted by A.C.A. §25-19-105(b)(13)).
In my opinion, therefore, although I have not reviewed any particular redactions, to the extent the custodian proposes to redact information of the sort listed above, the custodian's decision with regard to your employment application is generally consistent with the FOIA.
The Personal E-mails
With regard to the requested e-mails, I cannot conclude from the information presented that the non-work-related e-mails are "personnel or evaluation records" for purposes of my duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B). My authority to issue an opinion under A.C.A. § 25-19-105(c)(3)(B) is restricted to such records. It seems clear that non-work related e-mails would not generally be classified as "evaluation" records. The more difficult question is whether such emails might be classified as "personnel records" for purposes of my statutory duty under A.C.A. § 25-19-105(c)(3)(B). There are no helpful Arkansas cases construing the definition of "personnel records," or stating whether personal e-mails of public employees are properly classified as personnel records for purposes of my review under A.C.A. §25-19-105(c)(3)(B). When addressing the substantive exception for personnel records under A.C.A. § 25-19-105(b)(12), my predecessors and I have given the term "personnel records" a broad interpretation, stating that "Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee." See, e.g., Ops. Att'y Gen.2008-004 and 2006-071.
As I recently opined, however, not all records authored by public employees are properly classified as "personnel records" for purposes of my duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B).Cf. Op. Att'y Gen. 2007-255 (correspondence written by employees of a city hospital (governed by a city commission and run by a private contractor), and addressed to the Mayor, concerning management of the hospital, were not "personnel or evaluation records" for purposes of my duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B)). *Page 6 Cf. also, Cowles Publishing Company v. Kootenai County Board ofCommissioners, 144 Idaho 259, 159 P.3d 896 (2007) (informal e-mails between Juvenile Education and Training Court administrator and the county prosecutor who oversaw the court and with whom administrator was alleged to have an improper relationship, were not "personnel records" under Idaho law for purposes of exempting them from disclosure);Prince Georges County v. The Washington Post, 149 Md. App. 289,815 A.2d 859 (Md.App. 2003), quoting Kirwan v. The Diamondback, 352 Md. 74,721 A.2d 196 (1998) ("`personnel records' mean those documents that directly pertain to employment and an employee's ability to perform a job" and records that "do not relate to [the employee's] hiring, discipline, promotion, dismissal, or any matter involving his status as an employee . . . do not fit within the commonly understood meaning of the term `personnel records'"); and Aguirre v. S.E.C., ___ F.Supp.2d ___ (D.D.C. April 28, 2008) (information that "merely identifies the names of government officials who authored documents and received documents" does not generally fall within the federal FOIA's exemption for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy,"citing VoteHemp, Inc. v. DEA, No. 02-CV-985, slip op. at 12 (D.D.C. Oct. 15, 2004)).
Although it may be a question of fact, I have no indication that the non-work related e-mails are "personnel or evaluation" records for purposes of my statutory duty to issue an opinion under A.C.A. §25-19-105(c)(3)(B). I must therefore decline to address the custodian's decision on this issue.
In addition, my duty under A.C.A. § 25-19-105(c)(3)(A) and (B) appears restricted to opining as to whether the custodian's decision as to theexemption of records is consistent with the FOIA. That subsection presumes that the records are "personnel or evaluation records" (and thus necessarily "public records"), and directs me to review the correctness of the custodian's decision as to exemption of the records. It appears that in this instance, the primary or initial issue is not whether the records are exempt from disclosure, but instead whether the e-mails come within the threshold requirement of being "public records" under the FOIA. This issue is not within my statutory power of review under A.C.A. § 25-19-105(c)(3)(B).
There is a presumption that all records kept in public offices by public employees within the scope of their employment are "public records." The presumption may be rebutted, however, with evidence that the records do not "reflect the performance or lack of performance of official functions." A.C.A. § 25-19-103(5)(A). This is a fact question that can only be answered after a review of the actual content of the e-mails *Page 7 
in question and after consideration of any other pertinent facts. This issue was discussed at length in Pulaski County v. Arkansas DemocratGazette Inc., 370 Ark. 435, ___ S.W.3d ___ (2007) and Pulaski County v.Arkansas Democrat-Gazette, Inc., 371 Ark. 217, ___ S.W.3d ___ (2007). Although the question of release of the e-mails is thus in my opinion outside my statutory mandate, I can refer you and the custodian and other interested parties to the decisions in Pulaski County v. ArkansasDemocrat Gazette, supra. I have enclosed a copy of these decisions for your information.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] You cite the definition of public records prior to its amendment in 2001 by Acts 1653. *Page 1